## In re DRIGGS.

### Ex parte RAYMOND et al.

(District Court, S. D. New York. July 8, 1909.)

1. BANKRUPTCY (§ 217*)—LIENS ACQUIRED BY JUDICIAL PROCEEDINGS—DISSOLUTION.

Wages earned by a bankrupt prior to his bankruptcy and unpaid, not claimed as exempt, belong to his trustee, and a judgment creditor will be enjoined from collecting the same on an execution issued within four months.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 323, 330, 340; Dec. Dig. § 217.*]

2. BANKRUPTCY (§ 212*)—JURISDICTION OF COURT—ADVERSE CLAIMS.

A court of bankruptcy is without jurisdiction to summarily determine the rights of assignees of the bankrupt's wages, under assignments made prior to the bankruptcy, which can only be determined in plenary suits.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 212.*

Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

3. BANKRUPTCY (§ 217*)—RIGHTS OF BANKRUPT—LIENS ON EXEMPT PROPERTY.

A bankrupt is not entitled to an injunction from the court of bankruptcy to protect him from a garnishment, complete before the petition was filed, levied as execution upon exempt property, on the ground that his discharge will release him from the debt; the continued existence of the judgment not being necessary to the validity of the lien.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 217.*]

In Bankruptcy.

This comes up on an order to show cause why a stay should not be granted to prevent certain creditors of the bankrupt from collecting their claims out of the wages of the bankrupt in the state courts. The petition and adjudication took place on May 25, 1909. On May 21st the creditor, Osterhoudt, who had obtained judgment against the bankrupt on that day, issued execution against his future wages, earnings, and salary, under section 1391 of the Code of Civil Procedure of the state of New York. The other two claimants, Raymond and Carroll, have each an assignment of the bankrupt's earnings, obtained before the bankruptcy occurred. It does not appear whether there were any wages earned by the bankrupt and unpaid prior to the filing of the petition, nor does it appear that the bankrupt made any claims to exemption of any part of his wages so due and owing.

Edmund Fletcher Driggs, for bankrupt.
Reginald H. Schenck, for Osterhoudt.
William H. Freedman, for Raymond.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

171 F.—57

HAND, District Judge (after stating the facts as above). In so far as there are any wages or salary due to the bankrupt at the date of the filing of the petition, these belong to the trustee, provided the bankrupt has made no claim for exemption; and it is quite clear that the judgment creditor must be enjoined from collecting any part of those wages. So far as the assignees are concerned, I have no jurisdiction over them in this case, and the validity of their assignment must be determined by plenary suit. If the bankrupt has claimed an exemption of wages actually due, I see no reason for the trustee to claim a · stay, for in no event can they become a part of the estate. A different question arises as to whether the bankrupt is himself entitled to retain his wages earned. There is no difference between earned wages, for which he claims an exemption, and future wages, to the date of the petition, because neither of these can by any possibility go to the trustee.

The question is, therefore, squarely presented as to whether the bankrupt should be protected from garnishment, complete before petition filed, levied as execution upon exempt property. If the garnishment be no more than an attachment, and if the attachment be valid, it is no answer to say that the debt will be discharged. Hill v. Harding, 130 U. S. 699, 9 Sup. Ct. 725, 32 L. Ed. 1083; Pickens v. Roy, 187 U. S. 177, 23 Sup. Ct. 78, 47 L. Ed. 128. The point is settled by Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122, for there can be no distinction in the fact that the garnishment had there gone to decree. The whole rationale of that case was that the "lien" began when the creditor's bill was filed. That bill was as much "equitable execution" as this, and the creditor's rights, being acquired before bankruptcy and not invalidated by the act, simply remain in statu quo. The discharge, when it comes, will not, as said in Re Beals (D. C.) 116 Fed. 530, make the "judgment to be a nullity." A discharge is a bar which may be waived. But, regardless of metaphysics, the lien does not require the continued "existence" of the judgment. It is enough that the terms of the judgment circumscribe the quantity of the garnishor's interest. His property is measured by the sum there adjudged due. It is not necessary to determine whether the judgment qua judgment still endures, as it were, in limbo.