In re SIMS.

Ex parte BATJER & CO.

(District Court, S. D. New York. February 21, 1910.)

1. BANKRUPTCY (§ 391*)—PROCEEDINGS IN STATE COURT—VACATION OF STAY.

A stay of proceedings against a bankrupt in the state court will be vacated, so as to permit creditors to move the state court to punish the bankrupt for contempt committed prior to the filing of the bankruptcy petition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 649–654; Dec. Dig. § 391.*]

2. BANKRUPTCY (§ 391*)—PROCEEDINGS IN STATE COURT—STAY—EXECUTION AGAINST SALARY.

Where, prior to bankruptcy, judgment creditors of the bankrupt had secured an execution entitling them to collect from the bankrupt's employ-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ers 10 per cent. of his salary, as authorized by Code Civ. Proc. N. Y. § 1391, a stay granted in bankruptcy proceedings would be vacated, so as to permit the creditors to proceed in the state court to collect any part of the salary falling due prior to the filing of the bankruptcy petition, regarding the same as apportioned for the month in which the petition was filed, but not to permit the collection of any part of the salary earned after the filing of the petition, to permit which would be in conflict with the purpose of a discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 649-654; Dec. Dig. § 391.*]

In the matter of bankruptcy proceedings against one Sims. Application for vacation of a stay of proceedings in the state court by Batjer & Co. Granted in part.

This is an application to vacate the usual stay against the bankrupt's creditors. The bankrupt was adjudicated upon his own petition, filed on December 20, 1909. More than 11 years previous to this the creditors had obtained a judgment against him in the state court on October 12, 1898, for $723.40. On October 7, 1908, the creditors obtained an execution under section 1391 of the New York state Code, by virtue of which they were entitled to collect from the bankrupt's employers 10 per cent. of his salary till the judgment was paid. The employers paid to the creditors $30.76. The sheriff under the levy collected and now retains in his hands $139.42, and these two sums represent the percentage due under the execution for a period of 22 weeks, since when nothing has been paid. On December 4, 1909, the bankrupt was served with an order from the state court directing him to appear for examination on the return day mentioned therein, which was December 14, 1909. Upon that day he defaulted.

Joseph P. Williams, for creditors.
Harry R. Kohn, for bankrupt.

HAND, District Judge (after stating the facts as above). The stay will, of course, be vacated, so as to permit the creditors to move the state court to punish the bankrupt for any contempt committed prior to December 20, 1909. In addition, the stay will be vacated so as to permit the creditors to proceed in the state court to collect any part of the bankrupt's salary which fell due prior to December 20, 1909. In re Driggs (D. C.) 171 Fed. 897; Ex parte Raymond (D. C.) 171 Fed. 897. For this purpose his salary for December may be regarded as apportioned. While in the case at bar, the levy is not against exempt property, it was more than four months old when the petition was filed, and under the New York Code the execution operates as "a continuing levy" till the judgment is paid. Of course, I have no power to direct the sheriff to pay the creditors. For any relief they must go to the courts in which they initiated their proceedings. All I can do is to relieve them from any stay of this court.

The remaining question is as to proceeding under the levy to recover 10 per cent. of that portion of his salary which the bankrupt has earned and shall earn after petition filed. In Re Driggs, Ex parte Raymond, supra, I said that there was no difference between exempt wages and wages earned after petition filed. The case involved only exempt wages, and the statement was clearly obiter. It was inadvertent, and I think it is wrong. In cases of garnishment, where the obligation garnished is unconditional and due in installments, it may

be that installments which fall due after petition filed will be covered by the lien. Even if the obligation be conditional, the same thing may be true, if the condition does not involve the performance of services by the bankrupt or his transfer of property. In this case, however, all the salary which the creditors can get after December 20, 1909, will be part of what the bankrupt has earned and will earn after petition filed. The situation is wholly unlike the case of a merely future obligation, or of a conditional obligation when performance does not depend upon the bankrupt.

Should I allow the creditors to levy on wages in fact earned in the future, they would recover upon a past debt from property earned subsequently. This contradicts the whole purpose of a discharge, and I cannot permit it, without violating the act. It is not enough that in form the levy may be upon a single chose in action, consisting of the contract of employment. I concede that this is so; but the obligation is quite valueless till the bankrupt performs the condition of service to his employer. Therefore, for the purposes of this act, I shall decide that the wages which arise from services rendered after petition filed are covered by the discharge, and that the stay should continue as to that.

Hence the order must be limited to so much of the salary as represents services rendered prior to December 20, 1909.