## In re BECK.

(District Court, S. D. New York. November 10, 1915.)

1. BANKRUPTCY ⨁205—EFFECT OF—RIGHTS OF TRUSTEE.

After bankkruptcy, the trustee, and not the bankrupt, can claim money retained by the bankrupt's employer under execution issued pursuant to Code Civ. Proc. N. Y. § 1391; execution on the judgment having been returned unsatisfied and the judgment creditor desiring to subject the bankrupt's wages to the payment of his claim.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 234, 303; Dec. Dig. ⨁205.]

2. BANKRUPTCY ⨁205—ADJUDICATION—RIGHTS OF TRUSTEE.

The trustee is not, as against the judgment creditor, entitled to funds reserved by the employer at a time more than four months before adjudication.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 234, 303; Dec. Dig. ⨁205.]

3. BANKRUPTCY ⨁196—LIEN—RIGHTS OF JUDGMENT CREDITOR.

In such case, as the action was one at law, the judgment creditor had no equitable lien against the moneys retained under execution which could be asserted against the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 306–316; Dec. Dig. ⨁196.]

4. BANKRUPTCY ⨁205—ADJUDICATION—RIGHT OF TRUSTEE.

As there could be no levy on the bankrupt's salary until there was a salary to levy upon, money retained by the employer within the four months period is subject to the claim of the trustee, being treated as property subjected to execution within four months of bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 234, 303; Dec. Dig. ⨁205.]

5. BANKRUPTCY ⨁216—DISCHARGE—NECESSITY.

In such case, as a debt is not barred until the bankrupt secures a discharge, the bankrupt's employer should, despite adjudication, continue to retain the required percentage out of his compensation pursuant to execution, the assertion of the claim by the trustee having reduced the amount retained to a sum insufficient to satisfy the creditor's claim, which sum should be delivered to the bankrupt in event of discharge, or to the creditor in event of denial.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 328–333; Dec. Dig. ⨁216.]

In Bankruptcy. In the matter of the bankruptcy of Robert T. Beck. On motion to vacate or modify an order staying proceedings in the state court affecting the bankruptcy. Order modified.

Allen & Dean, of New York City, for Bauer, a judgment creditor. Eugene L. Brisach, of New York City, for bankrupt.

HOUGH, Circuit Judge. The only proceeding intended to be affected by this motion is an outstanding execution (or rather the proceeds thereof) issued under section 1391 of the Code of Civil Procedure against the wages of the bankrupt herein, who is now and long has been a policeman of this city.

⨁For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It appears that on October 6, 1913, a judgment was obtained against Beck in the Municipal Court for the sum of $86.86. On October 21, 1913, an ordinary execution was returned unsatisfied, and thereupon another execution was issued under the section of the Code above alluded to. Ever since that time the city paymaster has retained the proper proportion of Beck's wages, until he has in hand the sum of $101.34.

[1, 2] On February 16, 1915, Beck filed a petition in voluntary bankruptcy, and was at once adjudicated. The question submitted is, To whom does the money now in the hands of the city paymaster belong? Clearly no one but the trustee in bankruptcy can claim anything as against Bauer, the judgment creditor, and that trustee can claim nothing back of the four months period which began October 16, 1914.

[3] The action was at law. There was no equitable lien arising in favor of the judgment creditor, wherefore Bauer's claim is not within the doctrine of Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122.

The moment any wages or salary became due to Beck, the execution applied to the proper proportion thereof. Whatever was retained by the city paymaster down to October 16, 1914, is clearly applicable to the payment of Bauer's judgment.

[4] What was retained after October 16, 1914, was just so much money practically in the hands of the sheriff under a levy made within the four months period, for there could be no levy upon Beck's salary until there was a salary to levy upon. Therefore the date of levy is coincident with the date of accruing wage. To such a situation Clarke v. Larremore, 188 U. S. 486, 23 Sup. Ct. 363, 47 L. Ed. 555, applies, and the trustee in bankruptcy is entitled to whatever the city paymaster has in his hand and retained from Beck's wages between October 16, 1914, and February 16, 1915.

[5] Beck has not yet obtained a discharge, nor does it appear whether he has applied for one; therefore until he is discharged, or his right to apply for a discharge has expired, the doctrine of In re Van Buren (D. C.) 164 Fed. 883, applies, and the city paymaster must continue to retain enough of Beck's still accruing salary, and retain it for the benefit of Bauer or of Beck as the case may be. That is, if Beck gets a discharge, the debt is wiped out, and if he does not get a discharge, Bauer's judgment may be satisfied out of wages earned after adjudication as well as before the four months period. Of course under no circumstances can the trustee claim anything accruing after adjudication.

The stay order will therefore be lifted to the extent of authorizing the judgment creditor and the sheriff to obtain and pay over whatever was retained by the city paymaster prior to October 16, 1914. The trustee is instructed to demand the amount retained between October 16, 1914, and February 16, 1915. This will leave a deficiency upon Bauer's judgment, and the retention of wages must still continue until it appears whether Beck gets his discharge or not.

Settle order on notice.