## In re WODZICKI.

### (District Court, S. D. New York. December 20, 1916.)

BANKRUPTCY ⊜⇒200(4)—EXECUTION AGAINST SALARY—COLLECTIONS BEFORE BANKRUPTCY.

Where under execution against salary of bankrupt, under Code Civ. Proc. N. Y. § 1391, there was, each of the 6 months preceding petition in bankruptcy, deducted and withheld 10 per cent. of bankrupt's salary for account of the execution creditor, not only is the creditor entitled to the part collected prior to the 4-month period, but neither the bankrupt, nor any one else, no trustee in bankruptcy having been appointed, has any claim, as against such creditor, to the amount collected and withheld during such 4 months.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 306–316; Dec. Dig. ⊜⇒200(4).]

In Bankruptcy. In the matter of Casimer C. Wodzicki, bankrupt, on motion to amend an order. Motion granted.

J. George Metz, of New York City, for the motion.
Burger & Burger, of New York City, opposed.

MAYER, District Judge. This is the reargument of a motion for an order to amend an order heretofore made, restraining the petitioner, Zahn, from taking further proceedings to collect his judgment so as to limit the operation thereof to moneys deducted by the city paymaster subsequent to the filing of the petition in bankruptcy herein.

In August, 1911, Zahn recovered a judgment against the bankrupt, a city employé, for $534.09. In due course Zahn obtained an order, permitting a garnishee execution to issue against the salary of the bankrupt in accordance with the provisions of section 1391 of the New York Code. By arrangement made between the petitioner, the sheriff of the county of New York and the city paymaster, it was agreed that the city paymaster withhold the 10 per cent., directed to be withheld by the order of garnishee execution, until such time as requested by the sheriff. Under this arrangement Zahn received the proceeds of these collections approximately each 6 months.

On November 4, 1916, the bankrupt filed his petition for a voluntary adjudication, and adjudication was had on the same day. It is conceded, and the records on file show, that a trustee in bankruptcy was not appointed. At the time of the filing of the petition in bankruptcy, certain moneys had been deducted from the bankrupt's salary and withheld as agreed, the total approximating $115.

On November 8, 1916, and thus subsequent to the filing of the petition and the adjudication, an ex parte order was made by the district court, restraining Zahn and his attorney from taking further proceedings toward the collection of the judgment, except in bankruptcy, for a period of 12 months from the date of the adjudication, or until the determination of the bankrupt's application for a discharge, and further restraining the city paymaster from paying over any money to Zahn, but directing him to withhold from the salary of the bankrupt all sums deducted and to retain the same until the further order of the

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

court. The money in the hands of the.city paymaster represented the deductions and withholdings for a period of upwards of 6 months prior to the filing of the petition in bankruptcy.

As to so much of said money as was deducted and withheld prior to the 4-month period (i. e., prior to July 4, 1916) there can be no question. Zahn is clearly entitled to this money, and the injunction must be modified in that regard.

The more difficult question relates to the money which was collected and withheld during the 4-month period (i. e., from July 4, 1916, to November 4, 1916). Judge Hough, in Matter of Robert T. Beck, 238 Fed. 653, dated November 10, 1915 (unreported), in a case where there was a trustee in bankruptcy, instructed the trustee to demand from the city paymaster the amount retained during the 4-month period, and cited Clarke v. Larremore, 188 U. S. 486, 23 Sup. Ct. 363, 47 L. Ed. 555, as an authority by analogy. He said, however:

"Clearly no one but the trustee in bankruptcy can claim anything as against Bauer, the judgment creditor. * * *"

Judge Learned Hand in In re Sims (D. C.) 176 Fed. 645, 23 Am. Bankr. Rep. 899, held that where, prior to adjudication, judgment creditors of a bankrupt had secured, under section 1391 of the New York Code, the right to reach 10 per cent. of his salary, they are entitled to collect salary then falling due, and that a stay of proceedings would be vacated to that extent, but continued as to salary earned after adjudication, and this would be covered by the bankrupt's discharge. He called attention to the fact that the levy was more than 4 months old when the petition was filed, and that under the New York Code the execution operated as "a continuing levy" until the judgment was paid. Section 1391 provides, in part, that the appropriate state court—

"must grant an order directing that an execution issue against the wages, * * * salary * * * of said judgment debtor, and on presentation of such execution by the officer to whom delivered for collection to the person or .persons from whom such wages * * * salary * * * are due and owing, or may thereafter become due and owing to the judgment debtor, said execution shall become a lien and a continuing levy upon the wages * * * salary * * * due or to become due to said judgment debtor to the amount specified therein which shall not exceed ten per centum thereof, and said levy shall be a continuing levy until said execution and the expenses thereof are fully satisfied and paid. * * *"

The question is a close one. The theory of Judge Learned Hand's opinion seems to be that by virtue of the specific provisions of the New York statute (section 1391 supra) the levy continues, and a new levy therefore becomes unnecessary, and that the intent of the statute was that the levy, throughout its continuance, was as of its original date. There is support for this construction from the further provision of the statute that, where more than one execution has been issued pursuant to section 1391, the execution shall be satisfied in the order of priority, and that only one execution shall be satisfied at one time, the purpose obviously being that the earner of the wages or salary should not be deprived of more than 10 per cent. of his wages or salary, as the case might be, at any one time, with the result that the first execution must be satisfied before the satisfaction of another execution can be begun.

In the circumstances, the bankrupt has no claim against the garnisheed amount collected and withheld during the 4-month period. No other person has any claim, because no other person has any title, there being, as heretofore stated, no trustee.

The Beck Case went no further than to deal with the situation as presented by its own facts and, as Judge Hough pointed out, and to repeat, "clearly no one but the trustee in bankruptcy can claim anything as against * * * a judgment creditor."

If the injunction which is sought to be modified were permitted to stand, the result would be that the bankrupt would ultimately obtain money collected for account of the judgment creditor during 4 months when the execution and levy under section 1391 of the New York Code were valid and outstanding, and the judgment creditor would be deprived of the fruits of his diligence, all to the benefit of the debtor—a result which I think was not contemplated by the bankruptcy statute in a case where the facts are as here presented.

The motion, therefore, will be granted, and an order, modifying the injunction as asked for, may be presented on two days' notice.