## SCOTT v. GOODMAN.

District Court, N. D. Ohio, E. D. January 6, 1928.

Bankruptcy ⬳20(2)—Bankruptcy court may require state receiver appointed within four months, to surrender bankrupt's property to trustee and enjoin him from further proceeding (Bankr. Act, §§ 2, 3, 67 [11 USCA §§ 11, 21, 107]; Jud. Code, § 265 [28 USCA § 379]).

Under Bankruptcy Act, §§ 2, 3, 67 (11 USCA §§ 11, 21, 107), and Judicial Code, § 265 (28 USCA § 379), a court of bankruptcy is vested with exclusive jurisdiction over the property of an adjudicated bankrupt, which it is not at liberty to surrender, and may require a state receiver, appointed within four months and when bankrupt was insolvent, to surrender possession of the property to its trustee, and may also enjoin him from proceeding further with its administration.

In Bankruptcy. In the matter of the Quaker City Fox Farms, Inc., bankrupt. On petition of Cecil K. Scott, trustee, against I. H. Goodman, receiver of the Quaker City Fox Farms, Inc., and temporary restraining

order issued thereon. Decree for trustee for possession of property and injunction.

See, also, 25 F.(2d) 178.

Sidney N. Weitz, of Cleveland, Ohio, for plaintiff.

Clyde Osborne, of Youngstown, Ohio, for defendant.

JONES, District Judge. The plaintiff, as trustee in bankruptcy of the Quaker City Fox Farms, Inc., filed a petition against I. H. Goodman, receiver of that concern, appointed by the court of common pleas of Mahoning county. This court, on December 29, 1927, issued a temporary restraining order upon the application of the plaintiff against the defendant as receiver in the state court, enjoining the latter from proceeding with the administration of the estate of the Quaker City Fox Farms, Inc. The order was served upon the state receiver, and hearing on the permanent injunction was assigned, upon notice and consent of counsel representing both parties, for hearing January 5th, at 11 a. m. No return, answer, or appearance was made for the state receiver. In addition to prayer for injunction, the trustee in bankruptcy also prays for an order requiring the state receiver to show cause why the assets and property of the Quaker City Fox Farms, Inc., now in his possession, together with its books, papers, records, and documents, should not be immediately delivered to this plaintiff, as trustee in bankruptcy for the Quaker City Fox Farms, Inc.

The plaintiff was elected trustee in bankruptcy, following the filing of a voluntary petition in bankruptcy, upon which adjudication was entered December 5, 1927. The defendant was appointed receiver by the court of common pleas of Mahoning county on the 10th day of November, 1927. It will thus appear that the proceedings in the state court were commenced within four months next preceding the filing of the voluntary petition and adjudication in bankruptcy. The insolvency of the bankrupt on November 10th is not disputed. On the 21st day of December, 1927, pursuant to an order of the referee in charge of this bankruptcy, the trustee filed an application in the court of common pleas of Mahoning county for an order upon its receiver to surrender the assets and property of the Quaker City Fox Farms, Inc. Plaintiff avers that said application was denied, and that the defendant has failed and refuses to surrender the assets and property, and continues to hold possession thereof.

The question is presented as to whether the jurisdiction of the bankruptcy court is superior to that of the state court with reference to the assets of the bankrupt, and whether the orders of the former court shall prevail in requiring the assets to be turned over to the bankruptcy court for administration, to the exclusion of the state court.

Under the act of Congress creating courts of bankruptcy, they are invested, within their respective territorial limits, with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings in vacation, in chambers, and during their respective terms as they are now or may be hereafter held, to (15) make such orders, issue such processes, and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of the act. Section 2 of the Bankruptcy Act (11 USCA § 11). By section 3 of the Bankruptcy Act (11 USCA § 21) it is provided, among others, that an act of bankruptcy shall consist of a person having (5) made a general assignment for the benefit of his creditors or, while insolvent, a receiver or a trustee has been appointed, or put in charge of his property (underscoring amendment of 1926).

It is also further provided by section 67 of the Bankruptcy Act (11 USCA § 107) that any lien created or obtained in or pursuant to any suit or proceeding at law or in equity, including an attachment begun against a person within four months before the filing of a petition in bankruptcy by or against such person, shall be dissolved by the adjudication of such person to be a bankrupt when it appears that such person was insolvent, and also that all levies, judgments, attachments, or other liens obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same and shall pass to the trustee as part of the estate of the bankrupt. The state court proceeding having been commenced within four months before the filing of the petition in bankruptcy, and the adjudication having been entered thereon, the jurisdiction of the District Court, sitting in bankruptcy, immediately attached and was exclusive. In re Gutwillig (D. C.) 90 F. 475; In re Smith (D. C.) 92 F. 135; In re Etheridge Furniture Co. (D. C.) 92 F. 329.

The filing of a petition in bankruptcy is

a caveat to all the world, and in effect an attachment and injunction, and on adjudication and qualification of a trustee the bankrupt's property is placed in the custody of the bankruptcy court, and title becomes vested in the trustee. Mueller v. Nugent, 184 U. S. 1, 22 S. Ct. 269, 46 L. Ed. 405.

The general rule is that, where a court of competent jurisdiction has, by appropriate proceedings, taken property into its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts. Lion Bonding Co. v. Karatz, 262 U. S. 89, 43 S. Ct. 480, 67 L. Ed. 871. And when such court has legally acted with respect to property taken by it, its rights must be respected, and cannot be collaterally attacked or overridden by a subsequent order of a bankruptcy court. Metcalf v. Barker, 187 U. S. 165, 23 S. Ct. 67, 47 L. Ed. 122; Pickens v. Roy, 187 U. S. 177, 23 S. Ct. 78, 47 L. Ed. 128. However, this rule has only a qualified application where bankruptcy proceedings have intervened, in which event the jurisdiction of the bankruptcy court is supreme and exclusive. In re Watts, 190 U. S. 1, 23 S. Ct. 718, 47 L. Ed. 933; Randolph v. Scruggs, 190 U. S. 533, 536, 23 S. Ct. 710, 47 L. Ed. 1165; In re Etheridge Furniture Co. (D. C.) 92 F. 329; In re Dayton Coal & Iron Co. (D. C.) 291 F. 390, 398.

The power of the bankruptcy court in such cases is plenary under the statute, and its jurisdiction in bankruptcy cases is superior to and not concurrent with the state courts, and under the bankruptcy law it is authorized to issue injunctions against the parties and stay proceedings in state courts when necessary for the exercise of its jurisdiction. Lea et al. v. George M. West Co. (D. C.) 91 F. 237. To the same effect see In re Smith (D. C.) 92 F. 135; In re Fellerath (District Court, Northern District of Ohio) 95 F. 121. Although an insolvent corporation is in the hands of a receiver appointed by a state court, this will not deprive the federal court of jurisdiction in proceedings against the corporation, under the Bankruptcy Law. Louisville Trust Co. v. Cincinnati, 22 C. C. A. 373, note.

That the District Court in bankruptcy has the power to enjoin proceedings in a state court, under proper circumstances has been pretty definitely established by statute and the decisions of the highest courts. Section 265 of the Judicial Code (28 USCA § 379) provides that "the writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, *except* in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." General Order 12 of the United States Supreme Court provides: (3) "Applications for an injunction to stay proceedings of a court or officer of the United States, or of a state, shall be heard and decided by the judge." Section 2 of the Bankruptcy Act empowers the court to make such orders, issue such processes, and enter such judgments, in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of the act.

Many of the cases hereinbefore cited support the power of the court as to injunction. See In re Watts, 190 U. S. 1, 23 S. Ct. 718, 47 L. Ed. 933; In re Smith (D. C.) 92 F. 135; In re Lengert Wagon Co. (D. C.) 110 F. 927; Lea et al. v. George M. West Co. (D. C.) 91 F. 237; Morehouse et al. v. Giant Powder Co. (C. C. A.) 206 F. 24, 28. In view of the paramount character of the bankruptcy law, the jurisdiction of the bankruptcy court, when properly invoked, is exclusive as respects the administration of the affairs of insolvent persons and corporations, and insolvency proceedings pending in state courts may be enjoined within four months after their commencement, especially as Revised Statutes, § 720 (Judicial Code, § 265), providing that an injunction shall not be granted to stay proceedings in any court of a state, expressly excepts cases where the injunction is authorized by any law relating to bankruptcy. Ohio Motor Car Co. v. Eiseman Magneto Co., 230 F. 370, 377 (C. C. A. 6th).

Adequate support for the order herein made may be found in Re Diamond's Estate, 259 F. 70 (C. C. A. 6th), wherein Knappen, Circuit Judge, delivering the opinion of the court, said: "Upon the adjudication of bankruptcy, the District Court acquired jurisdiction essentially exclusive to administer the estate of the bankrupts generally, including the determination of claims to or liens upon their property, as well as questions of disbursement and distribution generally." As a matter of fact, under the last-mentioned decision rendered by the Circuit Court of Appeals for this district (which is the law controlling upon this court), the bankruptcy court, having made an adjudication, *is not at liberty to surrender its exclusive jurisdiction* over property of the bankrupt estate in its actual or constructive possession, and the state court, which has appointed a receiver for the estate, no longer has any power so to dispose of it as to deprive the bankruptcy

court of power finally to determine the propriety of the disposition. The action under which the order herein is entered is plenary in character, although the above-cited decision would seem to have supported a summary order under the circumstances. See In re Diamond's Estate, supra, page 74.

In view of the law and the decisions thereunder, I am of opinion that the plaintiff trustee is entitled to the relief prayed for, and an order may be entered accordingly. It is assumed that the trustee has or will proceed respectfully to request the receiver to turn over to him the assets of the bankrupt concern, and to make such further application to the state court as courtesy and comity would seem to require, in accordance with the principle as laid down in Matter of Norman Williams (D. C.) 240 F. 788, 38 Am. Bankr. R. 763; In re Knight (D. C.) 125 F. 35; Ross-Meehan Foundry Co. v. Southern Car & Foundry Co. (D. C.) 124 F. 403; In re Dayton Coal & Iron Co. (D. C.) 291 F. 390, at 399.