## In re PRUNOTTO.
### No. 17276.

District Court, W. D. New York.
Aug. 13, 1931.

Charles A. Drefs, Jr., of Buffalo, N. Y., for petitioning creditor.

Christy A. Buscaglia, of Buffalo, N. Y., for bankrupt.

KNIGHT, District Judge.

Joseph A. Prunotto was adjudicated a bankrupt June 8, 1931. On January 30, 1929, Joseph P. Gimbrone recovered a judgment against Prunotto, and on or about June 19, 1929, an execution against wages was issued under authority of section 684 of the Civil Practice Act of the state of New York. The adjudication was made and the judgment recovered in that state. The execution was outstanding at the time of the adjudication. The judgment was listed in bankrupt's schedules as one of his debts, and it is not denied that it is one dischargeable in bankruptcy.

An order was heretofore granted by this court restraining the judgment creditors having garnishee executions from taking any further proceedings thereon for one year from the date of the adjudication in bankruptcy or until action on the application for discharge within that time. This motion is made on behalf of a judgment creditor to set aside such order on the ground that the court was without jurisdiction to grant it.

Petitioner contends that the garnishee execution, when issued, became a continuing lien on wages thereafter earned; that, since it was issued out of a state court of competent jurisdiction, more than four months prior to the adjudication in bankruptcy, this court is without authority to restrain proceedings upon it.

■ Section 684, supra, provides in part that "on presentation of such execution * * *, said execution shall become a lien and a continuing levy upon the wages, earnings, debts, salary, income from trust funds or profits, due or to become due * * *, and said levy shall be a continuing levy until said execution and the expenses thereof are fully satisfied and paid or until modified as hereinafter provided." Even though we place a literal construction upon this section, this court has jurisdiction to stay payment of wages earned after the adjudication. As the judgment upon which the execution was issued is dischargeable, the situation would be anomalous if the bankrupt could not secure through this court the benefit which the Bankruptcy Act gives him. It does not, however, seem to me that we have here such a "valid judicial lien or levy * * * secured or made more than four months or more prior to the bankruptcy proceedings" as was under consideration in Metcalf v. Barker, 187 U. S. 165, 23 S. Ct. 67, 47 L. Ed. 122; Pickens v. Roy, 187 U. S. 177, 23 S. Ct. 78, 47 L. Ed. 128; and Blair v. Brailey (C. C. A.) 221 F. 1.

In Clarke v. Larremore, 188 U. S. 488, 23 S. Ct. 363, 364, 47 L. Ed. 555, in which levy and sale had been made and the question was whether the moneys obtained upon the sale belonged to the judgment creditor or went to the trustee in bankruptcy, the court used this pertinent language: "The judgment in favor of petitioner against Kenney was not like that in Metcalf v. Barker, 187 U. S. 165, 23 S. Ct. 67, 47 L. Ed. 122, one giving effect to a lien theretofore existing, but one which, with the levy of an execution issued thereon, created the lien." It does not seem to me there could be any lien until the thing came into being upon which a lien could attach. Vide also Straton v. New, 283 U. S. 318, 51 S. Ct. 465, 75 L. Ed. 1060.

■ The rules of comity between state and federal courts are often difficult to determine. Covell v. Heyman, 111 U. S. 176, 4 S. Ct. 355, 28 L. Ed. 390. The general rule is that, where a court of competent jurisdiction has taken property into its possession, it should be permitted to continue such jurisdiction. It is obvious that this rule is not applicable where exclusive authority is given the Federal Court. In re Grafton, etc. (D. C.) 253 F. 668, 672; Scott v. Goodman (D. C.) 25 F. (2d) 175, 177; and cases cited. As was said in Scott v. Goodman, supra: "This (rule) has

only a qualified application in bankruptcy * * * and under the bankruptcy law the (court) is authorized to issue injunctions against the parties and stay proceedings in state courts when necessary for the exercise of its jurisdiction." Vide also section 265, U. S. Judicial Code (28 USCA § 379). Upon the filing of a petition in bankruptcy, the jurisdiction of the District Court becomes exclusive within the authority of the Bankruptcy Act. In re Watts, 190 U. S. 1, 23 S. Ct. 718, 47 L. Ed. 933.

The Bankruptcy Act invests the District Courts "with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings * * (15) make such orders, issue such process, and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this title." Section 2, National Bankruptcy Act (11 USCA § 11).

"There are two principles which lie at the foundation of the Bankrupt Act: (1) That the debtor may be discharged from his provable debts; (2) that his collectible assets may be divided equitably and ratably among his creditors." Continental National Bank v. Katz et al., 1 A. B. R. 19.

Upon principle and authority the restraining order heretofore granted herein was properly granted. Vide sections 11a and 67f, Bankruptcy Act 11 USCA §§ 29 (a), 107 (f); Brenen v. Dahlstrom Metallic Door Co., 189 App. Div. 685, 178 N. Y. S. 846; In re Sims (D. C.) 176 F. 645, 647, 23 A. B. R. 899; In re Matter of Wodzicki (D. C.) 238 F. 571, 38 A. B. R. 282; U. S. Fidelity & Guaranty Co. v. Bray, 225 U. S. 205, 32 S. Ct. 620, 56 L. Ed. 1055; and In re Keet (D. C.) 128 F. 651.

The decision in Re Sims, supra, in this circuit, is in point. The question involved was the levy on wages earned after the petition in bankruptcy was filed. Judge Hand, writing the opinion, said in part: "In this case, however, all the salary which the creditors can get after December 20, 1909, will be part of what the bankrupt has earned and will earn after petition filed. * * * Should I allow the creditors to levy on wages in fact earned in the future, they would recover upon a past debt from property earned subsequently. This contradicts the whole purpose of a discharge, and I cannot permit it, without violating the act."

Some question is raised regarding the particular employer by whom the wages were to be paid. In view of the determination herein made, this question is immaterial. It is claimed that the execution of the petitioner never became a legal lien because prior executions exhausted the wages payable on garnishee executions. Any decision on this point is likewise immaterial here.

The discharge and cancellation of petitioner's judgment is, of course, dependent upon bankrupt's final discharge in bankruptcy. In case such final discharge is denied, petitioner's judgment will continue. The order heretofore granted herein restrains payment of wages to garnishee execution creditors. It does not direct payment of any part subject to such executions to the bankrupt. Protection to such creditors in the event of a final denial of a discharge in bankruptcy can be sufficiently procured through notice to the employer upon whom the execution has been served as provided by the Civil Practice Act of the state of New York.

For the reasons given above, the motion herein is denied, and order may be prepared accordingly.