### In re DUFFY.

### No. 30915.

District Court, W. D. New York.

Sept. 6, 1940.

William C. White, of Buffalo, N. Y., judgment creditor, in person.

Lester Harwood Block, of Buffalo, N. Y., trustee, in person.

KNIGHT, District Judge.

More than four months prior to bankrupt's adjudication a garnishee execution was issued and placed with his employer on a judgment obtained by a creditor. Deductions were made from bankrupt's wages, and part of the money so deducted was paid over by the employer to the sheriff and by the sheriff to the creditor. Part of the money collected by the employer is now held subject to order of this court. Subsequent to the adjudication an order was granted restraining the creditor from taking proceedings on the judgment, and thereafter the creditor petitioned this court for an order directing that the moneys held by the sheriff as the result of deductions from the bankrupt's wages prior to the adjudication be paid over to him. The trustee has appeared and claimed the said moneys on the ground that they are moneys upon which levy was made within four months prior to the adjudication in bankruptcy.

Creditor cites In re Sims, D.C., 176 F. 645, as authority for his petition. In that case the court granted to the creditor all funds which had been deducted from the bankrupt's wages prior to the adjudication. In that case, however, no application was made on behalf of the trustee, and the trustee's rights to such funds did not seem to have been considered. More recently trustee's rights to such funds were considered in Re Smith, D.C., 8 F.Supp. 49; In re Wodzicki, D.C., 238 F. 571; In re Beck, D. C., 238 F. 653; and in Friedman v. Gibbons, 101 Misc. 356, 167 N.Y.S. 685. In all of these cases the court has held that a garnishee execution while a "continuing levy" is not effective against a bankrupt's earnings until such earnings actually become due, and, therefore, the levy is made as each installment of wages becomes due during the four months prior to the adjudication. Inasmuch as the trustee has a right to set aside any preference obtained by execution during the four months preceding the filing of the petition, it is evident that he has the right here to secure the funds levied upon during such period. A similar holding to the effect that a preference is obtained during the four month period by a creditor having an assignment of wages filed with the bankrupt's employer is found in Seaboard Small Loan Corp. v. Ottinger, 4 Cir., 50 F.2d 856, 77 A.L.R. 956.