**In the Matter of Leon MORRIS, Bankrupt.**

No. 69–5627.

United States District Court,
E. D. Michigan, S. D.

Aug. 23, 1971.

Robert I. Leech, Flint, Mich., Trustee on Petition for Review.

William P. Daniel, Flint, Mich., Archie Katcher, Detroit, Mich., for Security Employees Federal Credit Union.

## RULING ON PETITION FOR REVIEW

ROTH, District Judge.

This is a petition for review of the decision of the Referee in Bankruptcy in the above entitled matter concluding, as a matter of law, that a payroll deduction authorization, or wage assignment, is a lien "obtained by attachment, judgment, levy or other legal or equitable process or proceeding" within the purview of § 67a(1) of the Bankruptcy Act, and that the creditor, appellant herein, thus received a preference which he was ordered to turn over. The Referee cited and adopted the opinion by Referee Joseph V. Costa of the Eastern District of New York in the case of *Coniel Holiday* (unreported) holding that wage deductions made by the bankrupt's employer and paid to the bank during the four month period pursuant to a wage assignment did create "liens" within the purview of § 67a(1) and were voidable. The decision was affirmed in the United States District Court (unreported) and the appeal to the Court of Appeals was dismissed on consent. In adopting the opinions and findings of that case, the Referee here supports the conclusion by referring to the general purpose of the Bankruptcy Act, *i. e.*, to achieve equitable distribution among creditors. See, In re Rubins, 74 F.2d 432 (7th Cir. 1935). For more specific facts the reader is directed to the opinion of the Referee and the stipulations of facts dated June 5, 1970 and attached to the Referee's Certificate. The petitioner does not contest the designation of the agreement between the bankrupt and his employer as a wage assignment (as they apparently did in their original position; see brief of respondent in Bankruptcy Court) stating that for the purposes of the legal question before the Court on review it will not affect the decision whether the agreement is referred to as an "assignment" rather than as an "authorization."

The petitioner now asks this Court to reverse the decision of the Referee arguing that § 67a(1) invalidates only judicially created liens, not contractual assignments or transfers. Petitioner distinguishes the *Coniel Holiday* and other cases cited by the Referee as being inapplicable to construction of § 67a(1) or interpreting assignments and garnishments for the purpose of state property laws, not bankruptcy law. Petitioner would equate wage assignments to a mortgage, stating that neither are liens created through legal or equitable process or proceedings, citing the Sixth Circuit case of Muffler v. Pettigrew Real

Estate Company, 132 F.2d 479 at 482 (6th Cir. 1943).

The trustee argues that the history of § 67a(1) shows the intention to expand this section to enable the trustee to avoid judicially acquired liens. This reflects an attempt of Congress to expand the equitable distribution of the assets of the bankrupt. Trustee contends that the assignment of wages is a lien on the wages already earned, and that in its operation it constitutes an equitable process or proceeding.

On review of the opinion of the Referee and the authorities cited therein, and the authorities cited by the respective parties in their briefs, it appears that the majority of the jurisdictions have determined that an assignment of wages to be earned in the future to secure a present debt does not constitute a lien within (old) § 67(d) of the Act, excepting liens from the effect of the act, and thus such lien is not enforceable after discharge with respect to wages earned after adjudication. Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1933); see also annotations at 73 A.L.R. 1050, 74 A.L.R. 903, 77 A.L.R. 962 and 93 A.L.R. 195. There is substantial agreement that an assignment of wages gives rise to a lien only when the wages have been earned. See generally the annotative discussions cited above and Vol. 1A Collier on Bankruptcy, 14th Ed. ¶17.30; Seaboard Small Loan Corp. v. Ottinger, 50 F.2d 856 (4th Cir. 1931). These decisions and discussions, however, are of little help to the Court in the instant case for here we are faced with the question of whether a lien arising by virtue of the assignment of wages is a lien arising by " * * * other legal or equitable process or proceedings * * * " thus bringing it within the purview of § 67a (1) of the Act. The only decided case which has come to the attention of the Court through its own research and that of both competent counsel is the case of *Coniel Holiday* relied upon and adopted by the Referee in his decision. In proceeding to decision on review we look to the history of § 67a(1) and the discussions of the purposes and policies of that section of the Bankruptcy Act in general. For this we rely on Collier on Bankruptcy, 14th Ed., Vols. 1A, and 4.

The stated purpose of bankruptcy legislation is to facilitate the fair and equitable distribution of nonexempt property of the bankrupt among his creditors. More specifically, the section invalidating judicially obtained liens within the four months prior to bankruptcy was intended to prevent a race to the courthouse to obtain a lien so as to have priority in the distribution of the bankrupt's assets. As originally enacted, § 67c of the Act of 1898 declared that a lien created by any legal or equitable proceeding begun within four months of bankruptcy would be dissolved by the debtor's adjudication (if one of four further conditions were met); § 67f of the same Act made voidable, upon the adjudication of the bankrupt, all levies, judgments, attachments or other liens obtained through legal proceedings against him while insolvent and within four months of his bankruptcy. These sections, partially overlapping and partially conflicting, were coalesced into a new section in the 1938 revision of the Act, introducing language covering liens by "other legal or equitable process or proceeding." The intent as interpreted by Collier was to give the fullest scope to the power of the trustee to avoid judicially acquired liens. The Acts of 1952 and 1966 retained this language and did not incorporate any amendments applicable to this discussion. It was clear throughout the history of this section that its import was directed to judicially created liens. In the discussion of liens obtained by judicial proceedings under § 67a, Collier on Bankruptcy, 14th Ed., Vol. 4, ¶67.03 [1] quotes the following as the principle of Section 67a

"as between creditors, 'equality is equity', and that the race of diligence must cease, with respect to legal proceedings against a person who is insolvent, at the commencement of four months preceding the filing of the pe-

tition. This conclusion does not prevent the honest debtor seeking to work out from embarrassments from receiving present aid to that end, and from giving proper security for the aid received. But the one advancing money must take a present security other than that obtained through legal proceedings against an insolvent."

Collier goes on to say in its textual discussion

"Contractual, common-law, equitable, and statutory liens may be created by the bankrupt or attach by operation of law at any time prior to bankruptcy without resulting invalidity, so far as § 67a is concerned, which is limited to invalidation of judicial liens under conditions to be discussed."

See footnote 2, ¶67.03 Collier's excepting contractually created liens from invalidation under § 67a(1).

In re Smith, 8 F.Supp. 49 (W.D.N.Y. 1934), and In re Duffy, 34 F.Supp. 804 (W.D.N.Y.1940) cited below deal with garnishment proceedings and liens obtained by judgment creditors. These proceedings are expressly covered by § 67a(1). Seaboard v. Ottinger, *supra,* dealing with wage assignments, held that an assignment was not a lien on wages earned *after adjudication.* Standing for the principle that an assignment of wages to be earned in the future is merely a contract and that no lien arises until the wages are actually earned, it seems to this Court that this lends support to the interpretation that the lien subsequently arising is a contractual lien, not one created by "legal or equitable process or proceeding."

There is substantial difference between a lien arising out of an assignment of wages agreement and one arising out of garnishment proceedings. Garnishment or other judicial proceedings to attach the assets of a debtor are nonconsensual arrangements, enabling a creditor to reach assets of the debtor to satisfy at least part of the debt owing him where the debtor is uncooperative. In attempting to fulfill the purpose of the Bankruptcy Act not all nonconsensual liens were invalidated, only those obtained within four months prior to bankruptcy if at the time of the lien the debtor was insolvent or if the lien was sought and permitted in fraud of the Act. With respect to consensual liens, including, as we have alluded to above, an assignment of wages, the Act invalidates only those that run afoul of the preference provisions of § 60, of the fraudulent transfer provisions of § 67d, of the strong arm provisions of § 70c, and of the preference and fraudulent transfer provisions of state law made applicable by § 70e. See, Collier, Vol. 4, ¶67.12 [5]. We are of the opinion that it would not foster the attempts on the part of a debtor to straighten his affairs if he were prohibited from executing consensual liens, *e. g.,* agreeing to a wage assignment which would give rise to a contractual lien, if such were included in the § 67a(1) invalidating provisions. It is to the credit of the honest debtor if he tries to meet his financial obligation with direct means such as wage assignments or mortgages. If these steps are taken in fraud of his creditors the other sections of the Bankruptcy Act (which are not part of the record on review in this Court) will invalidate such transfers. There is no need to include them with the judicially created liens.

Having reviewed the opinion of the Referee in Bankruptcy and the cases cited in that opinion and in the excellent briefs filed by both sides, and the Court having engaged in substantial research on its own, no case has been found on point with the one at bar. Nor has the Court found in the analogous cases or the policy reasoning behind the Bankruptcy Act sufficient reason for designating a lien arising by virtue of a wage assignment agreement to be a lien arising by "legal or equitable process or proceeding." On the basis of the reasoning set forth above the findings and conclusion of the Referee are hereby reversed. An appropriate order may be submitted.