**In re Margaret A. CERTAIN, Debtor.**

**Bankruptcy No. 5–82–00987.**

United States Bankruptcy Court,
D. Connecticut.

June 8, 1983.

---

**380**

Susan R. Glass, Bridgeport, Conn., for debtor.

Kurt M. Ahlberg, Ahlberg & Ahlberg, Stratford, Conn., for creditor, Ethel Crescenzo.

MEMORANDUM AND ORDER ON DEBTOR'S APPLICATION [1] FOR RECOVERY OF PREFERENTIAL WAGE GARNISHMENT—CODE SECTIONS 547(b) AND 522(h)

ALAN H.W. SHIFF, Bankruptcy Judge.

## I.

## BACKGROUND

On August 27, 1982, the debtor filed a petition under Chapter 7 of the Bankruptcy Code. Prior to ninety days before the filing of the petition the creditor, Ethel Crescenzo (creditor), obtained a judgment against the debtor and caused a wage execution to be levied pursuant to Conn.Gen.Stat. § 52–361.[2]

On her Schedule B–4, the debtor claimed an exemption of $820.73, representing wages garnished during the ninety days preceding the filing of the petition. The debtor presently seeks to recover that amount from the creditor as a preference pursuant to Code sections 547(b)[3] and 522(h)[4] on the theory that payments made within the ninety day preference period, pursuant to wage executions, are avoidable. The creditor, on the other hand, relying upon *In re Riddervold,* 647 F.2d 342 (2d Cir.1981), contends that wage executions are *continuing levies,* that the debtor's property interest in wages subject to the levy is extinguished from the time the levy is served upon the debtor's employer, and that payments made pursuant to the levy, within the ninety day preference period, did not affect property of the debtor since the levy arose prior to the preference period.

The debtor further argues that the creditor failed to object to the claimed exemp-

---

1. The debtors filed an application but should have proceeded by commencing an adversary proceeding. *See* Bankruptcy Rule 701(1). Nevertheless, rather than allow form to dominate substance, I will overlook the procedural defect and address the merits of the debtor's claim.

2. See footnote 6, *infra.*

3. 11 U.S.C. § 547 provides in pertinent part:
   (b) ... the trustee may avoid any transfer of property of the debtor—
   (1) to or for the benefit of a creditor;
   (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
   (3) made while the debtor was insolvent;
   (4) made—
   (A) on or within 90 days before the date of the filing of the petition; or
   (B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer
   (i) was an insider; and
   (ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

   (5) that enables such creditor to receive more than such creditor would receive if—
   (A) the case were a case under Chapter 7 of this title;
   (B) the transfer had not been made; and
   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

4. 11 U.S.C. § 522(h) provides in pertinent part
   The debtor may avoid a transfer of property of the debtor ... to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—
   (1) such transfer is avoidable by the trustee under section ... 547 ... of this title ...: and
   (2) the trustee does not attempt to avoid such transfer.
   The trustee, who has filed a no asset report in this case, apparently has no interest in avoiding the alleged preferential transfer and hence subsection 522(h)(2) is satisfied. Additionally, because the subject transfer was clearly not voluntary and the property was not concealed by the debtor, the debtor has met the requirements of Code § 522(g)(1).

tion within the specified period of time and consequently is estopped from doing so now.[5]

## II.

## DISCUSSION

### A.

#### Effect Of Failure To Object To Exemption

■ First, I reject the debtor's procedural argument that the creditor's failure to object to the claimed exemption bars her opposition to the debtor's preference claim.

Within specific limitations not applicable here, an individual debtor may claim exemptions and repossess property of the estate, 11 U.S.C. § 522(b), but obviously in order to do so, the debtor must first have an interest in that property at the time the petition is filed. Here the creditor essentially contends that the debtor does not have an interest in the funds sufficient to support an exemption as allowed under section 522. Under these circumstances, the creditor should not be precluded from opposing the debtor's application to recover funds pursuant to section 522(h) despite the creditor's failure to object to the exemption. *See In re England,* 22 B.R. 389 (Bkrtcy.N.D. Tex.1982); *In re Hackett,* 13 B.R. 755, 757 (Bkrtcy.E.D.Pa.1981).

### B.

#### Effect Of Wage Execution

■ Having concluded that the creditor may oppose the debtor's application, I now turn to the merits of the preference claim. In *In re Riddervold, supra,* the Second Circuit considered the effect of a prepetition wage execution levied in New York in the context of preference litigation under Code section 547(b). In that proceeding, a judgment creditor had served a wage execution on the debtor's employer prior to the preference period, and wages were withheld and paid to the judgment creditor, pursuant thereto, within the preference period. The court held that the payments were not transfers of the debtor's property and thus not avoidable under Code section 547. The court adopted the reasoning of Judge Learned Hand that the execution operated as a "continuing levy." *Id.* at 346, *citing, In re Sims,* 176 F. 645 (S.D.N.Y.1910). According to the *Riddervold* court, the debtor's interest in the property, subject to the levy, was extinguished when the employer was served with the income execution under N.Y.C.P.L.R. § 5231(d). The court supported that view by reference to N.Y.C.P.L.R. § 5231(e) which allows the judgment creditor to sue the employer if the employer fails to pay the sheriff.

Here the debtor urges that applicable Connecticut law[6] requires a different result than the holding in *Riddervold.* I do not agree. Since the New York statute under

---

**5.** Pursuant to the standard procedure employed by the clerk's office, on August 30, 1982, the Clerk of the Bankruptcy Court sent to all listed creditors a document entitled "ORDER FOR FIRST MEETING OF CREDITORS AND FIXING TIMES FOR FILING OBJECTIONS TO DISCHARGE AND FOR FILING COMPLAINTS TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS, COMBINED WITH NOTICE THEREOF AND OF AUTOMATIC STAY" which provided in pertinent part: "Unless the court extends the time, any objection to the debtor's claim of exempt property (Schedule B–4) must be filed within 15 days after the above date set for the first meeting of creditors." The meeting of creditors was scheduled for October 5, 1982. The creditor did not object to the claimed exemption until she filed her "answer" to the debtor's application to recover the funds. That answer was filed more than 15 days after the first meeting of creditors.

**6.** Conn.Gen.Stat. § 52–361 provides in pertinent part

Execution on wages after judgment (a) Whenever any person, firm or corporation brings an action against any person and seeks satisfaction of any claim or demand out of any debt accruing by reason of the personal services of such person, the officer serving the writ in such action shall make service upon the defendant only and shall return the writ to the court to which the same has been made returnable. Upon entry of judgment, whether by default, upon offer of judgment, by stipulation or after hearing on the merits, such court, as a part of such final judgment or in a supplemental judgment, may make reasonable orders for payments to be made by the defendant to the clerk of such court or in such other manner as

consideration in *Riddervold* is materially similar to Conn.Gen.Stat. § 52–361, the analysis of the Second Circuit is binding. Indeed, the concept of a "continuing levy" which must be construed in the New York statute is express in Conn.Gen.Stat. 52–361(b). Under Connecticut law, the "execution shall become a lien and a continuing levy ..." Furthermore, the "continuing levy" applies to all moneys "due and owing" or that "thereafter become due and owing to the judgment debtor." *Id.* Finally, like N.Y.C.P.L.R. § 5231(e) on which the Second Circuit heavily relied, Conn.Gen.Stat. § 52–361(e) gives the judgment creditor the right to sue a recalcitrant employer. Accordingly, the debtor no longer had any interest in the subject funds after her employer was presented with the wage execution under Conn.Gen.Stat. § 52–361(b).

### III.
### ORDER

In view of the foregoing, the debtor's application should be, and hereby is, denied.

such court may direct, and such funds shall then be disbursed by such clerk in accordance with the orders of the court rendering such judgment.

(b) If the defendant fails to obey any order made hereunder, and when any debt accruing by reason of personal services is due and owing to the judgment debtor, or thereafter becomes due and owing to him, whether such debt accruing by reason of personal services is paid daily, weekly, monthly, yearly or in any other manner or at any other time, the judgment creditor may apply to the court in which judgment was recovered and the court, or any judge thereof, shall issue, without the plaintiff obtaining a rule to show cause why his judgment should not be so satisfied against a non-appearing defendant, and without notice to the judgment debtor, an order directing that an execution issue against the defendant and on presentation of such execution by the officer to whom delivered for collection to the person or persons or corporation from whom such debt accruing by reason of personal services is due and owing or thereafter becomes due and owing to the judgment debtor, such execution shall become a lien and a continuing levy upon such debt to the amount specified therein, until such execution and expenses are fully satisfied and paid, or until modified, as hereinafter provided; but only one execution against such debt due such judgment debtor shall be satis-

fied at one time, and when more than one execution has been issued pursuant to the provisions of this section against the same judgment debtor, they shall be satisfied in the order of priority in which such executions are presented to the person or persons from whom such debt is due and owing. Such execution shall be served within one year from its issuance and shall be made returnable within thirty days from the satisfaction thereof.

(d) Each person or corporation, municipal or otherwise, or state instrumentality to whom such execution is presented, and who is at such time indebted to the judgment debtor named in such execution, or who becomes indebted to such judgment debtor in the future, and while such execution remains a lien upon such indebtedness, shall pay over to the officer presenting the same such amounts as such execution prescribes until such execution is wholly satisfied, and such payment shall be a bar to any action therefor by any such judgment debtor.

(e) If such employer, as provided in subsection (d), to whom such execution is presented, fails or refuses to pay over to such officer as prescribed in subsection (d), such employer shall be liable to an action therefor by the judgment creditor named in such execution, and the amount so recovered by such judgment creditor shall be applied toward the payment of such execution.