In re LESSER et al.

(Circuit Court of Appeals, Second Circuit. January 30, 1900.)

No. 120.

1. BANKRUPTCY—STAY OF PENDING SUITS—DISCRETION OF DISTRICT COURT.
   Under Bankr. Act 1898, § 11a, providing that suits pending against a bankrupt, founded on claims from which his discharge would be a release, "may be stayed until twelve months after the date of the adjudication," or until the question of the bankrupt's discharge is determined, the granting of an order staying such an action rests in the discretion of the district court; and its action in the matter will not be interfered with by the appellate court, on petition for review, unless such discretion has been abused.

2. SAME.
   A judgment creditor brought suit to set aside certain alleged fraudulent transfers of property by the debtors, and to vacate a receivership procured by them in an action for the dissolution of their partnership, and subsequently obtained an order for the examination of one of the debtors on proceedings supplementary to execution, which was pending at the time the debtors were adjudged bankrupt. The court of bankruptcy made an order restraining the creditor from taking any further proceedings on his judgment until 12 months after the adjudication in bankruptcy, or until the question of discharge should be decided. Held that, since the restraining order applied only to the supplementary proceedings, not to the creditors' bill, and since the creditor, by an examination of the bankrupts, could obtain the same information sought in those proceedings, there was no abuse of discretion by the district court, and the stay was rightly granted.

On Petition to Review an Order of the District Court of the United States for the Southern District of New York.

The petition for review is filed on behalf of the Ninth National Bank of the City of New York, a creditor of the bankrupts.

Nelson Spencer, for petitioner.

Alexander Blumenstiel, for respondents.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The bankrupts are co-partners formerly doing business under the name of Lesser Bros. In October, 1896, they transferred their property and executed certain confessions of judgment in the state court, upon which judgments levies were made.

99 F.—58

They further instituted an action in the state court for dissolution of co-partnership, in which a receiver was appointed. The petitioner charges that all these proceedings were fraudulent and collusive. In November and December, 1896, the petitioner, the Ninth National Bank, obtained two judgments against the Lessers in the supreme court of the state, and on March 31, 1898, commenced an action in the same court to set aside the various transfers, as well as the receivership, as void as to it. This action is still pending. On April 18, 1899, upon the judgment procured by the petitioner in November, 1896, an order was made by a justice of the supreme court directing Tobias Lesser to appear for examination in proceedings supplementary to execution on April 28, 1899, which order was duly served on the judgment debtor. Such proceedings were still pending, and, by stipulation, May 12, 1899, had been set for the beginning of the examination, when petition in bankruptcy was filed. The petition in bankruptcy of the firm and the individual partners was filed in the district court May 12, 1899, and they were adjudicated bankrupts. On the same day the district court made an order enjoining and restraining the Ninth National Bank "from taking any further proceedings whatever upon the judgment obtained by it against the said Lesser Bros. * * * on November 20, 1896, until twelve months after the date of the adjudication of the said firm as bankrupts herein, or sooner if the said bankrupts shall apply for a discharge before that time." Thereafter the bank moved to vacate such restraining order. Such motion was denied, and petitioner now seeks to review that denial.

The authority for the restraining order is found in the bankrupt act of 1898:

"Sec. 11a. A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined."

It will be observed that the order in this cause was made under the second clause of the paragraph. The making of such an order is discretionary with the district court,—the language being, "such action may be stayed,"—and that discretion should not be interfered with, unless it has been abused. Certainly it has not been abused in this instance, and we are at a loss to see in what particular its entry or continuance has operated or will operate to the prejudice of the petitioner. From certain passages in the brief, it may be inferred that petitioner is apprehensive that it will in some way hinder or delay the adjudication it is seeking in the state court upon its creditors' bill to set aside the transfers and state receivership, or that it may impair the lien created by the commencement of such suit. But upon the oral argument counsel apparently conceded that no rights under the equity suit to set aside the transfers are affected, or sought to be affected, by the restraining order. This must be conceded, in view of the language of the order, which restrains only "from taking any further proceedings whatever upon the judgment of * * * No-

vember 20, 1896." The creditors' bill is not a "further proceeding upon the judgment," and the order is manifestly directed against the supplementary proceedings only. If there were any doubt as to the meaning of the order, it might be made more specific, but its language seems too clear to need amendment; and, indeed, none was suggested upon the argument, although counsel for the bankrupts offered to consent to the insertion of whatever words might be thought necessary to restrict the stay to the supplementary proceedings. There is, of course, no contention that the initiation of the proceedings supplementary to execution less than a month before the Lessers were adjudicated bankrupts gave the petitioning bank any superior lien. The only interference to which the order will subject it is that it will not be able to examine Tobias Lesser in supplementary proceedings as to what disposition was made of the property of the firm and its individual members, thus obtaining information which might be material or useful in the prosecution of the equity suit. Since the petitioner, however, may subject the bankrupts to a most searching examination in the district court, and thereby obtain the same information, it is not easy to see in what way petitioner is prejudiced. There is no occasion to review the exercise of its discretion by the district court. The order is affirmed.