### In re CARLEY.

### PATTEN v. CARLEY.

#### (Circuit Court of Appeals, Third Circuit. June 30, 1902.)

#### No. 21.

1. BANKRUPTCY—SPECIFICATIONS IN OPPOSITION TO DISCHARGE—RIGHT OF AMENDMENT.

A single amendment to the specifications filed in opposition to the discharge of a bankrupt, necessary to authorize the examination of the bankrupt on a matter pertinent to the question of discharge, should be allowed as a matter of course under the liberal rule as to amendments prevailing in all proceedings, where no laches or unfairness on the part of the creditor appears, and no injustice to the bankrupt or unreasonable delay in the case will be worked thereby.

2. SAME—REVISION IN MATTER OF LAW—MATTERS REVIEWABLE.

The right of a creditor to amend his specifications in opposition to a bankrupt's discharge is a valuable legal right, and the question whether a district court abused its discretion in denying such right is one of law, upon which the circuit court of appeals may exercise the power of revision conferred by Bankr. Act 1898, § 24b.

Petition to Review an Order of the District Court of the United States for the District of New Jersey.

In Bankruptcy. On petition for review.

John G. Johnson, for appellant.

Brief submitted, for appellee.

Before ACHESON and GRAY, Circuit Judges, and BRADFORD, District Judge.

GRAY, Circuit Judge. The pertinent facts shown by the record before us in the matter of this petition, are as follows:

On November 17, 1900, Francis D. Carley was adjudicated a bankrupt, on his own petition, in the district court of the United States for the district of New Jersey; the petition and schedules showing an unsecured indebtedness of $1,023,953.63. An order of reference was

made to Frederick W. Leonard, Esq. December 13th, the petitioner's proof of claim was filed. After an examination by his creditors, the said referee, on April 30, 1901, reported that the bankrupt was entitled to be discharged. On May 11th, specifications in opposition to his discharge were duly filed by the petitioner and by the Kentucky National Bank, and on May 15th, an order of reference, in the matter of both specifications, to Frederick W. Leonard was made. On June 11th, the first hearing on the specifications of the petitioner was had. Only one question was asked the bankrupt, which was not answered on an objection raised by his counsel. The referee sustained the objection on the ground that the specifications did not cover the matter inquired about. The reference was adjourned upon an agreement that amended specifications by petitioner should be submitted to counsel for the bankrupt, and if satisfactory, accepted, and that thereupon the examination should be resumed. This agreement failing to be carried out, on July 2d, a notice of motion to amend specifications was served on the counsel for the bankrupt, returnable July 8th. The hearing on this motion was adjourned by stipulation at bankrupt's request, to a day in the week beginning July 8th, to be thereafter agreed upon. The argument was further adjourned by stipulation to a day to be fixed by counsel, on account of the illness of the district judge. This agreement was afterwards, and on the same day, rescinded by counsel for the bankrupt, in a letter which stated that the motion to amend would be brought on Monday, July 15th. This correspondence has all been made part of the record and brought before us.

On July 15th, an affidavit was filed in behalf of counsel for the creditor, asking for an adjournment of the argument. In the petition to this court, it is stated under oath, that upon this application to the district court for an adjournment, it was ruled that argument of the motion might be made at the next session of the court, as argument at that time was impracticable; the court being about to adjourn for the summer vacation. It would also seem that the court, in relation to this affidavit of the creditor, stated that if the applicant renewed his motion on September 9th, he would not be considered to have been guilty of any further laches than existed on July 15th. On August 15th, a hearing before the referee was called. The creditor, the petitioner here, asked an adjournment until September, pending the argument of the motion to amend, filing an affidavit as to the facts upon which the adjournment was asked. The adjournment was subsequently, August 24th, denied by referee, who declared that the petitioner's proof and case were closed, and recommended the bankrupt's discharge. On September 9th, the first meeting of the court since July 15th, the motion to amend was argued and submitted, and on November 11th, the court denied the motion and sustained the referee, in recommending a discharge and declaring the testimony closed. The facts above recited sufficiently appear from the record sent up, to justify this court in exercising its authority under section 24b of the bankrupt act of 1898. That section is as follows:

"The several circuit courts of appeal shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law the

proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised on due notice and petition by any party aggrieved."

The right of a creditor to oppose the discharge of his bankrupt debtor, is substantial and important, and the requirement of specifications filed within a time prescribed, is part of the orderly procedure necessary to a judicial determination of the propriety of the bankrupt's discharge. But the liberal right of amendment accorded in all proceedings, whether in equity or at law, is as important to the parties interested in a case such as this, as in those specially covered by statute and rule of court. These specifications are in the nature of a declaration, and when filed, an issue is presented between the creditor and the bankrupt. A single amendment to these specifications, necessary as the ground of inquiry and pertinent to the question of discharge, would, as a matter of course, be allowed, where no laches or unfairness on the part of the creditor appeared, and where no injustice to the bankrupt or unreasonable delay in the case would be worked by the granting thereof. It is true that the granting or not granting of the application to file an amendment to the pleadings of a case in equity or at law, rests largely within the judicial discretion of the court, and the exercise of that discretion will not be interfered with by a reviewing court, unless it appear to have been practically abused. Where facts are such, as to make it apparent to the revising court that the right to amend could not have been denied by the court below, except upon such a mistaken view of the facts disclosed by the record, as would amount to an abuse of the discretion exercised by the court, the action of the court in that regard should be reversed, and the amendment allowed.

The revision asked for in this case relates to a matter of law within the meaning of the section of the statute referred to. The right to amend, as above defined, is a valuable legal right, and the question, whether the discretion of the court below, in denying the right, has been abused, or not, is a legal question. In determining it, we do not assume to pass upon any matter of fact affecting the question of the discharge of the bankrupt, but only upon the legal right, as we understand it, of the petitioner to amend his specifications on the peculiar facts disclosed in the record.

The order of the court below is therefore reversed, and the petitioner is allowed, within such reasonable time as the court may prescribe, to file his amended specifications of opposition to the discharge of the bankrupt, and to proceed to an examination thereunder.