## In re GOLDBERG.

(District Court, N. D. New York. October 14, 1902.)

1. **BANKRUPTCY—INJUNCTION—PLEADING—JURISDICTION.**

    Where an application for an injunction in bankruptcy proceedings described the proceeding as: "In the District Court of the United States for the Northern District of New York. In Bankruptcy. No. 1,141,"—and stated that the petition in bankruptcy was filed August 7, 1902, and a writ of subpœna issued "herein," such application contained a sufficient showing that the proceeding in bankruptcy was pending in the Northern district of New York to give the United States district court of such district jurisdiction.

2. **SAME—VERIFICATION BY ATTORNEY.**

    Where the papers on an application for injunction in bankruptcy proceedings disclosed that the moving creditors lived at a distance, and that the application was made by their attorney in their behalf and for their benefit, and stated why it was made by the attorney, and not by the creditors, an objection that the application was verified by the attorney, and not by the creditors themselves, was untenable.

3. **SAME—ATTACHMENT—SALE—VALIDITY—INJUNCTION.**

    A creditor of a bankrupt attached certain of his property, and thereafter procured an order for the sale thereof. The sale was had, without a proper or sufficient notice, to the creditor's son, for one-tenth of the appraised value of the property. An application was made in the state

¶ 3. See Bankruptcy, vol. 6, Cent. Dig. §§ 156, 323.

court to set the sale aside, in which an order was made restraining further proceedings by the plaintiff in attachment, the purchaser, and the sheriff pending such application. *Held*, that such facts were sufficient to entitle creditors in an involuntary bankruptcy proceeding to an injunction against such attaching creditor, the sheriff, and the purchaser, to restrain them from selling or disposing of the property so attached pending the bankruptcy proceeding.

In Bankruptcy.

This is an application for an injunction restraining Jonathan Levi and Edward F. Cohn from taking further proceedings in an attachment action brought by them against the alleged bankrupt, Harry Daniel Goldberg, until an adjudication or dismissal of the petition, etc., and also restraining the sheriff of Warren county, N. Y., from selling or disposing of the property of said Goldberg now in his possession or under his control, seized by virtue of an attachment issued in such action, and also restraining one Albert Levi from receiving or interfering with certain of the property of said bankrupt attached and alleged to have been sold by the sheriff pursuant to an order of the county judge. A temporary injunction, with an order to show cause why a permanent injunction should not issue, was granted August 16, 1902, by Hon. E. B. Thomas, returnable September 2, 1902, and, having come down under the rules, was argued September 30, 1902, at the Utica term of this court.

Walter A. Chambers, for the motion.
Ashley & Williams, opposed.

RAY, District Judge (after stating the facts as above). On the 7th day of August, 1902, Eli M. Woodard, William S. Banker, Wilber W. Chambers, and Simon Lavine filed in this court their petition to have Harry Daniel Goldberg adjudged a bankrupt. The alleged bankrupt left the district before the subpœna was served, and, his whereabouts being now unknown, service by publication will be necessary. On or about July 19, 1902, Jonathan Levi and Edward F. Cohn commenced an action in the supreme court of the state of New York against said Goldberg, in which a warrant of attachment was issued, under which the sheriff of Warren county seized certain of Goldberg's property, and caused an inventory to be made. The appraisal fixed the value at $1,548. The plaintiffs claim $335.33 and interest from July 10, 1902. August 1, 1902, the county judge of said county directed the sale of a portion of said property, marked "Perishable," which was appraised at more than $500, and a sale was made August 8, 1902. One Albert Levi, son of the plaintiff Jonathan Levi, became the ostensible purchaser thereof for the sum of $50. It appears that no proper or sufficient notice of such sale was given; that only one bidder was present,—he the son of one of the plaintiffs,—and that the only other persons present were the deputy sheriff making the sale and one of the attorneys for the plaintiffs; and that such property was purposely sacrificed. An application to set aside said sale has been made in the state court, and an order made restraining further proceedings by the plaintiffs, the purchaser, and said sheriff pending the decision of such motion. That Albert Levi is a bona fide purchaser or owner of the property cannot be maintained. The said action is founded on a claim from which a discharge in bankruptcy will be a release, and is still pending. The

property so attached, or the major part of it, is in the possession of the sheriff, although Albert Levi says a large part of that sold as above stated has been delivered to the Delaware & Hudson Railroad Company to be transported to him, and is held subject to his orders. Henry S. Williams, one of the attorneys for said plaintiffs, says:

"It is the intention of the plaintiffs in said action to retain possession of said goods, and have the sheriff refuse any demand which may be made upon him by a trustee in bankruptcy for possession of said property, and to oppose any legal action which may be brought by said trustee against them or the sheriff either for said goods or their value."

The papers show that there are several creditors of said Goldberg. A purpose to defeat the bankrupt act is substantially confessed. The object of that law is to prevent forbidden preferences, secure a fair and equitable distribution of the proceeds of the property of the bankrupt among his creditors, and then discharge the debtor, if entitled to a discharge. This court will neither aid nor permit a violation of the spirit and intent of the law, but will take such action, within its power, as will carry it into full force and effect. It is evident from what has been done and is being done that the injunction demanded must be granted, if the law is to be sustained and made effective in this case, and the creditors protected. No court should permit such a sale as has been described to stand, and there is no reason why the plaintiffs shall be permitted to proceed and gain a preference or an advantage over the other creditors. The amount due the plaintiffs is conceded, and there is no pretense of any equity in favor of these particular creditors.

The plaintiffs raise two preliminary objections to the granting of the relief asked: First, that the petition is made and verified by Walter A. Chambers as attorney for the petitioning creditors in this proceeding, and not by the creditors themselves; and, second, that it does not appear from the moving papers that this bankruptcy proceeding is pending in the district court for the Northern district of New York, and therefore jurisdiction is not shown.

This is an application to the court in a pending proceeding which is described in the moving papers as follows: "In the District Court of the United States for the Northern District of New York. In Bankruptcy. No. 1,141." The petition then states that the petition in bankruptcy was filed August 7, 1902, and a writ of subpœna issued "herein." This is a sufficient showing that the proceeding in bankruptcy is pending in the Northern district of New York, aside from the fact that this court will take judicial notice of its own proceedings and records in a particular case, so far as such an application as this is concerned.

The other preliminary objection is equally untenable. The papers show that the moving creditors live at a distance, and that the application is made by their attorney in their behalf and for their benefit. The petition states why it is made by the attorney and not by the moving creditors. It is presumed he is acting with authority. There is no rule or statute requiring the petition to be made in form by the moving parties, although that would be a better prac-

tice. It would have been better practice, perhaps, had the petition stated specifically that the petition in bankruptcy was filed "with the clerk in said district," or "with the clerk of the court in the Northern district of New York." It is not pretended, however, that the plaintiffs have been misled, or that this proceeding in bankruptcy is not pending in the Northern district of New York. In such a proceeding as this the substance, rather than the form, will be considered. Were this a statutory proceeding, and did the statute require the petition to be made and subscribed or verified by the moving party, a different question would be presented. Where a remedy is given by statute, and a line of procedure pointed out, that course must be substantially followed. No possible harm can come to any creditor from the granting of the injunction asked, except so far as it may deprive the plaintiffs in the attachment action of the benefit of their diligence. But the law itself is designed to do this. "Equality is equity," and in the settlement and distribution of the estates of insolvent persons the creditor near at hand, and first cognizant of the pecuniary embarrassments of a failing debtor, should not be permitted to receive more than his just proportion of the property. If by the use of attachment proceedings one creditor is permitted to take and dispose of the property in the manner attempted in this case, the law is nullified. Until the question of bankruptcy is determined, further proceedings in the action should be stayed, and until 12 months thereafter in case Goldberg is adjudged a bankrupt. Clearly the alleged purchaser at the sale should not be permitted to take or remove the property, if lawfully he may be prevented, nor should the sheriff be permitted to sell.

It is claimed that such action should proceed to judgment, and a sale of the property attached be permitted; the distribution of the proceeds only being enjoined. There is no reason or necessity for such a course. If Goldberg is adjudged a bankrupt, the trustee will take and dispose of the property. If not so adjudged, these attaching creditors will proceed with their action. The right to the injunction sought in this case is plain. In re Lesser, 3 Am. Bankr. R. 758, 40 C. C. A. 177, 99 Fed. 913; Bear v. Chase, 3 Am. Bankr. R. 748, 40 C. C. A. 182, 99 Fed. 920. Indeed, the act itself suggests this as the proper remedy in such a case. Bankr. Act, § 11a; section 67f; section 2 (15).

Injunction granted and preliminary objections overruled.