MULFORD v. FOURTH STREET NAT. BANK.

(Circuit Court of Appeals, Third Circuit.   December 16, 1907.)

No. 29.

1. BANKRUPTCY—PETITION FOR REVIEW—SCOPE—DISCRETION.
   Refusal of a judge sitting in bankruptcy to sanction an arrangement between the bankrupts and certain of their creditors and persons who had
   received preferential transfers of the bankrupts' property, in the legitimate exercise of discretion, did not present a "matter of law" reviewable
   on a petition for review authorized by Bankr. Act July 1, 1898, c. 541, §
   24b, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432].

2. SAME—AGREEMENT BETWEEN PARTIES—CONFIRMATION.
   Refusal of a judge sitting in bankruptcy to sanction an agreement between the trustee, certain of the bankrupts' creditors, and persons who
   had received preferential transfers, by which certain of the property was
   to be transferred to the trustee for the benefit of creditors in consideration
   of the trustees' agreement not to furnish evidence against the bankrupts
   in any criminal prosecution, was a proper exercise of discretion.

Petition for Revision of Proceedings of the District Court of the
United States for the Eastern District of Pennsylvania.

W. Horace Hepburn and Emanuel Furth, for petitioner.
A. G. Dickson and Samuel Dickson, for appellee.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

DALLAS, Circuit Judge.   This petition invokes the jurisdiction vested in this court by section 24b of the bankruptcy act of July 1, 1898
(30 Stat. 553, c. 541 [U. S. Comp. St. 1901, p. 3432]), but it does not
present a "matter of law," and therefore will not be entertained.   In
re Purvine, 96 Fed. 192, 37 C. C. A. 447; In re Lesser, 99 Fed. 913,
40 C. C. A. 177; In re Rosser, 101 Fed. 562–567, 41 C. C. A. 497;
In re Carley, 117 Fed. 130, 55 C. C. A. 146.   The complaint is that the
District Court refused to approve a certain agreement, and we know of
no rule of law or of equity by which the propriety of that refusal is determinable.   What really is sought is a review of a legitimate exercise of discretion, and this we are neither authorized nor disposed to
enter upon.   It is enough to say that there was no abuse of discretion;
but that, on the contrary, we think the learned judge acted wisely and
with seemly circumspection in withholding his sanction from the arrangement submitted to him, and which he sufficiently described at
the outset of his opinion, as follows:

"In this case the bankrupts were threatened with criminal prosecution.
There were a number of claims held by relatives of the bankrupts which were
disputed, and it was alleged that a number of payments and transfers of property within four months of the time of filing the petition in bankruptcy were
preferential and recoverable by the trustee.   The assets of the estate were appraised at $22,700.   This was a very small percentage of the total liabilities,
which amounted to the sum of $237,500.   The trustee and creditors, anxious
to increase the assets of the estate with the least possible cost and delay, and
the bankrupts, equally solicitous to secure immunity against prosecution, en-

tered into an agreement with others, bearing date the 9th day of March, 1906, by which it is stipulated that certain transfers of property shall be returned to the trustee, and, in addition, a sum in cash shall be raised by the friends and relations of the bankrupts, to be paid to the trustee, and certain claims over which the bankrupts had some control should be withdrawn from the estate, in consideration of which the trustees stipulated not' to furnish any evidence against the bankrupts in any criminal prosecution, and other par-ties agreed not to institute such prosecutions."

The petition for revision is dismissed.