## In re VAN BUREN.

(District Court, S. D. New York. November 5, 1908.)

No. 11,521.

BANKRUPTCY (§ 217\*)—STAY OF PROCEEDING ON JUDGMENT—VACATION.

An order staying a judgment creditor of a bankrupt, whose judgment is provable in bankruptcy, from proceeding to collect his judgment for one year, or until the bankrupt's application for a discharge has been disposed of, will not be vacated because, under Code Civ. Proc. N. Y. § 1391, as amended by Laws 1908, p. 433, c. 148, the creditor is entitled to take under execution 10 per cent. of the debtor's salary, since a discharge would be a bar to the enforcement of the judgment against any property of the bankrupt, although acquired after the bankruptcy; but the court in such case may impound 10 per cent. of the bankrupt's salary until the right to discharge has been determined.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 330; Dec. Dig. § 217.\*]

In Bankruptcy. On motion to vacate stay.

Arthur L. Davis, for judgment creditor.
Joseph S. Rosalsky, for bankrupt.

HOLT, District Judge. This is a motion to vacate a stay of proceedings upon a judgment recovered against the bankrupt. Judgment was recovered October 6, 1908, and an execution issued on October 8, 1908, pursuant to section 1391 of the New York Code of Civil Procedure, as amended by Laws 1908, p. 433, c. 148, which authorizes a judgment creditor to take under execution 10 per cent. of the salary of a judgment debtor. The debtor was adjudicated a voluntary bankrupt on October 22, 1908. Thereupon an order was granted in the usual form, staying the judgment creditor from proceeding to collect his judgment for one year from the date of the adjudication, or, if the bankrupt in the meantime should apply for a discharge, until the determination of his application for discharge. The judgment creditor moves to vacate the stay on the ground that the present salary of the bankrupt is the property of the bankrupt, that the trustee in bankruptcy has no interest in it, and that this court, therefore, cannot enjoin the collection of one-tenth of the salary under the provisions of the recent amendments of the law.

But the judgment was recovered before the adjudication in bankruptcy. All the bankrupt's property down to the time of the adjudication is applicable to the payment of that judgment ratably with the bankrupt's other debts; but the discharge of the bankrupt, if it shall be granted, is a bar to the enforcement of that judgment against any property subsequently acquired. Under these circumstances, I think that the enforcement of the judgment against any portion of the bankrupt's present salary should be enjoined until the question is determined whether he shall receive a discharge. But as, if the entire salary were paid to the bankrupt, the probability is that the judgment creditor would never collect the tenth to which he is entitled if a discharge is refused, an order will be made directing the bankrupt's em-

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ployers to withhold a tenth of the salary until that question is determined.

The motion to absolutely vacate the stay, however, is denied.