## In re BRECHER.

District Court, S. D. New York.
Feb. 18, 1937.

Hilbert I. Trachman, of New York City, for judgment-creditor.

Michael I. Winter, of New York City, for bankrupt.

PATTERSON, District Judge.

The bankrupt obtained an ex parte order in the usual form, staying a judgment creditor from taking further proceedings for enforcement of his judgment until the matter of the bankrupt's discharge might be decided. The judgment creditor has moved for a modification of the stay.

After procuring a judgment in the state courts, the judgment creditor made application to the state court to compel the bankrupt to make payment in installments. The application was made under section 793 of the New York Civil Practice Act, effective September 1, 1935, which reads as follows:

"*Installment payments by debtors.* Notwithstanding the provisions of section six hundred and eighty-four and six hundred and eighty-five of this act, the court may order the judgment debtor to pay to the judgment creditor or apply on the judgment, in installments, such portion of his income, however or whenever earned or acquired, after due regard for the reasonable requirements of the judgment debtor and his family, if dependent upon him, as well as any payments required to be made by the judgment debtor to other creditors under the aforesaid sections six hundred and eighty-four and six hundred and eighty-five or prior order of a court hereunder. Where the judgment debtor claims or is proved to be rendering services to or employed by a relative or other person or by a corporation owned or controlled by a relative or other person, without salary or compensation, or at a salary or compensation so inadequate as to satisfy the court that such salary or compensation is merely colorable and designed to defraud or impede the creditors of such debtor, the court may direct such debtor to make payments on account of the judgment, in installments, based upon a reasonable value of the services rendered by such judgment debtor under his said employment or upon said debtor's then earning ability. The court may, from time to time, modify an order made under this section upon application of either party upon notice to the other."

On the judgment creditor's application an order was made directing the bankrupt to pay $10 a week on account of the judgment. Shortly afterward the bankrupt filed voluntary petition in bankruptcy and obtained an order staying the judgment creditor.

The judgment creditor asks that the stay be modified so as not to affect the order for weekly payments or at least that the bankrupt be required to make the weekly payments to his attorney, to be held in escrow pending outcome of his application for discharge. His argument is that, where the current wages of a bankrupt have been garnisheed before bankruptcy, the court will not restrain the employer from retaining the garnisheed portion, and that an order to the debtor to pay in installments is similar to garnishment of wages.

Where a judgment creditor has taken a garnishee execution against a bankrupt's salary prior to bankruptcy, it is the settled practice for the bankruptcy court to stay payment over to the creditor pending discharge but not to stay the employer from making the required deductions from salary. The result is that a fund accumulates in the employer's hands, to be paid to the creditor if discharge be denied, to be paid to the bankrupt if discharge be granted. In re Van Buren, 164 F. 883 (D.C. N.Y.); In re Beck, 238 F. 653 (D.C.N.Y.). What the bankruptcy court does in such cases is to give a stay as to the portion of the garnishee order directing payment to the creditor but to give no stay as to the portion directing a deduction from the debtor's salary. The result is fair to both.

There are difficulties in carrying over the practice on garnishment of wages to installment payments directed to be made by the debtor under the new procedure. While section 793 of the Civil Practice Act was designed to give relief to a judgment creditor in cases where relief by garnishment against salary was inadequate, because of prior garnishments or because of collusive arrangements with the employer to defeat an effective garnishment, the new section is not a garnishment. The order to pay in installments is one directed to the judgment debtor himself. The bankrupt is clearly entitled to a stay of such an order so far as payment to the judgment creditor is concerned. For, if the bankrupt should later win a discharge, the situation would be one where the creditor had obtained payment out of the bankrupt's earnings after adjudication, in violation of a fundamental purpose of the Bankruptcy Act (11 U.S.C.A. § 1 et seq.). See Local Loan Co. v. Hunt, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230, 93 A.L.R. 195. And the bankruptcy court has no

authority, as I conceive it, to rewrite the order of the state court so as to direct the bankrupt to make payment to some one other than the judgment creditor, to be held in escrow pending grant or denial of discharge. To give the judgment creditor such relief would not be to lift a stay; it would be to vary the order of the state court.

It follows that the application of the judgment creditor for modification of the stay should be denied.