In the Matter of the Application of THE MORRIS PLAN COMPANY
OF NEW YORK, Judgment Creditor, to Have SAMUEL SHEAR,
Judgment Debtor, Punished for Contempt of Court.

City Court of New York, Special Term, Bronx County, November 3, 1937.

*Harold E. Kissam* [*Aubin J. Heffernan* of counsel], for the
motion.

*J. Tobias Goldberg*, opposed.

EVANS, J.   On April 9, 1937, this court made an order, under
section 793 of the Civil Practice Act, directing the debtor to pay,
in monthly installments, a judgment obtained against him.   He
paid the May 1 and June 1, 1937, installments, but failed to pay
the July 1, August 1 and September 1, 1937, installments.   On
September 16, 1937, he filed a petition in bankruptcy and obtained
the usual order staying creditors.   Thereafter the creditor moved
to punish the debtor for contempt for failure to obey the order under

section 793 of the Civil Practice Act. The debtor does not claim inability to comply, but rests on the bankruptcy petition and the order of the Federal court, staying creditors.

For failure to comply with the order as to installment payments for the months of July, August and September the debtor is guilty of contempt, and the bankruptcy court neither seeks to enjoin punishment for contempt, nor is effective in that regard. (*Spalding* v. *New York*, 4 How. [U. S.] 21; *Matter of Koronsky*, 170 Fed. 719; *Matter of Hall*, Id. 721; *People ex rel. Otterstedt* v. *Sheriff*, 206 id. 566.)

As to payments falling due after the date of the petition in bankruptcy, a different rule must apply. While section 793 of the Civil Practice Act is a valid enactment (*Matter of Reeves* v. *Crownshield*, 274 N. Y. 74), it cannot override the bankruptcy statutes. Since a discharge in bankruptcy wipes out all civil remedies to collect the judgment (*Munz* v. *Harnett* (6 F. Supp. 158), it is difficult to see how the State can, by section 793 of the Civil Practice Act, enforce a judgment which the Federal statute, in effect, destroys. Once the Federal court has taken jurisdiction over the judgment, its order, staying all creditors, must be given effect, until it can decide whether the judgment is to be discharged or not. If eventually the judgment is discharged, the order, under section 793 of the Civil Practice Act, dies with the discharge as of the date when the Federal court took jurisdiction of the judgment. If eventually the Federal court denies the debtor a discharge, as to the judgment, then, under section 793 of the Civil Practice Act, an order has merely been stayed during the period that the bankruptcy proceeding was pending in the Federal court, and may thereafter be given effect. In that way section 793 of the Civil Practice Act and the bankruptcy statutes may be given their proper place and reconciled in an orderly manner.

The motion is, therefore, granted as to the July, August and September installments, and marked off the calendar as to the balance, with leave to the creditor to renew, if the bankruptcy court denies a discharge of the judgment. Submit order accordingly.