### In re KUNSMAN.

District Court, S. D. New York.
June 8, 1938.

Morton Frederick, of New York City, for assignee of judgment creditor.

Irving Levine, of New York City, for bankrupt.

PATTERSON, District Judge.

Hanley, the receiver of a failed bank, obtained judgment for $8,400 against the bankrupt in the state court. On April 29, 1938, he obtained an order restraining the bankrupt's employer from paying him any further moneys. On May 5th the bankrupt filed petition in bankruptcy and obtained the usual ex parte order from this court under section 11 of the Bankruptcy Act, 11 U.S.C.A. § 29, staying the judgment creditor from taking further steps to collect the judgment except in bankruptcy. The judgment creditor now moves to have the order modified to the extent of permitting issuance of garnishment execution on the bankrupt's wages and permitting payments under the garnishment to be made to the sheriff and held by him pending the outcome of the bankrupt's discharge. The claim on which judgment was recovered was for liability as one of the stockholders of a failed national bank and is clearly dischargeable in bankruptcy.

Where garnishment execution has been issued prior to bankruptcy and the claim of the judgment creditor is one that would be barred by discharge in bankruptcy, it has been the practice in this court for upwards of thirty years to stay operation of the garnishment until discharge is decided, so far as relates to payment of anything to the judgment creditor, but not to stay the employer from honoring the garnishment to the extent of withholding the required amounts out of the bankrupt's salary. The moneys accumulate in the employer's hands, ultimately to be paid to the bankrupt if he wins discharge, otherwise to be paid to the judgment creditor. In re Van Buren, 164 F. 883, D.C.N.Y.; In re Beck, 238 F. 653, D.C.N.Y.; see In re Brecher, 19 F.Supp. 283, 284, D.C.N.Y. While this seems fair to both parties, it may be open to question whether the Bankruptcy Act did not contemplate a stay even as to the deducting feature of the garnishment.

The judgment creditor asks us now to go a step further, to permit issuance of garnishment after adjudication of the judgment debtor in bankruptcy, not in order that the judgment creditor may collect the money presently but in order that a fund in the employer's hands may be built up to be applied against the judgment in case no discharge in bankruptcy be later granted. No precedent for such a step is given. Leave to issue garnishment and obtain deductions from the bankrupt's salary would be inconsistent with the evident purpose of Congress to call a halt on any measures by creditors to collect their claims except in the bankruptcy proceeding, from the time of adjudication until the question of the bankrupt's discharge is decided. It is one thing to permit a garnishment already in operation to continue to a limited extent, and quite another thing to allow the issuance of garnishment after adjudication of the judgment debtor in bankruptcy. The motion to modify the stay granted under section 11 will be denied.