In re TEPERMAN.

TEPERMAN v. RUTHMAY REALTY CO., Inc.

No. 111.

Circuit Court of Appeals, Second Circuit.
Dec. 1, 1941.

Walter B. Milkman, of Brooklyn, for bankrupt-appellant.

Mortimer May, of New York City, for objecting creditor-appellee.

Before L. HAND, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

This is an appeal from an order of the District Court for the Eastern District of New York, affirming an order of the referee in bankruptcy which denied a discharge to Teperman for a wilful refusal to obey a court order. The objecting creditor here had obtained a judgment of $184.50 against Teperman in the Municipal Court of the City of New York and, on motion made by the creditor pursuant to § 793 of the New York Civil Practice Act, Teperman was ordered to pay the judgment in weekly instalments of $2. He thereupon filed a petition in bankruptcy, was adjudicated, and moved to restrain the creditor from further proceedings until the bankruptcy court had ruled on the question of his discharge. The District Court entered an order staying further proceedings by the creditor and ordering Teperman to deposit in the Brooklyn Savings Bank, subject to the court's order, amounts equal to the instalments ordered by the Municipal Court. Teperman did not make these deposits, and the court and referee held that his failure to do so was deliberate. Thereafter his discharge was denied.

The denial of the discharge was not authorized by § 14, sub. c(1) of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. c (1), as the referee and court seem to suggest, since the disobedience of the order was not an offense punishable by imprisonment under § 29, sub. a or sub. b of the Act, 11 U.S.C.A. § 52, sub. a or sub. b. The appellee, therefore, must rely upon § 14, sub. c(6), 11 U.S.C.A. § 32, sub. c(6), which permits the denial of a discharge if the bankrupt has refused to obey "any lawful order" of the court. We need not decide whether or not the unusual use of the word "lawful" invites a scrutiny, even at this stage of a bankruptcy proceeding, of the propriety of the order which was not obeyed, for it is clear that the court lacked "jurisdiction" to enter this order. After an adjudication, a bankruptcy court may stay proceedings based on a dischargeable claim § 11, sub. a, 11 U.S.C.A. § 29, sub. a, and supplementary proceedings are, of course, included. In re Lesser, 2 Cir., 99 F. 913. Since such a stay, unlike one entered before adjudication, is discretionary, we do not question the court's power to require as a condition of the stay such security as the deposits here involved. But to order such deposits to be made, rather than to make the stay conditional upon them, is a wholly different matter; such an order has no sanction either in the Bankruptcy Act or in the court's general equity power. The court's duty is to administer the bankrupt's estate, not to compel him, out of his own funds, to pay his debts. If the District Court's order was so intended, it was not a "lawful order," and on that ground we would decide for appellant.

But it is difficult for us to believe that the court below intended thus to enter an improper order. The circumstances under which the so-called order to pay the money was entered were such that we assume that the court intended merely that the payment of the money should be a condition of the grant of the stay and not a requirement that the money should be paid. Thus construing the order, the nonpayment of the money by the bankrupt was not a refusal to obey a "lawful order" of the court.

The order appealed from is reversed.