**In re LOZITO.**

**No. 34723.**

District Court, E. D. New York.

Dec. 24, 1941.

Max H. Frankle, of New York City, for bankrupt.

Milton H. Goldman, of New York City, for objecting creditor.

MOSCOWITZ, District Judge.

These are two motions:

One, by Anthony Lozito, the bankrupt, for an order:

"1. Vacating the bill of costs heretofore entered herein in favor of Henry Albert against Anthony Lozito, in the sum of $144.75, on December 13th, 1939, and

"2. Directing the objecting creditor, Henry Albert, to make restitution to the said Anthony Lozito of the sum of $394.54 heretofore collected by the said Henry Albert on August 26th, 1940, from the Brooklyn Savings Bank, pursuant to an order of the Court dated August 23rd, 1940, and such other sums as may have been collected by the said Henry Albert on the judgment heretofore referred to."

The other, by Henry Albert, a creditor, for an order vacating and setting aside the order of this Court made on September 15, 1941, granting the bankrupt's discharge and referring the specifications of objections to the discharge of the bankrupt back to the Referee.

On April 15, 1938, Anthony Lozito was adjudicated a bankrupt. There was listed in the schedules as a creditor the claim of Henry Albert for a judgment in the sum of $384.23.

On April 15, 1938, an ex parte order was made by one of the Judges of this Court, on application of the bankrupt, containing the following language:

"Ordered that Henry Albert, his attorney, agents, servants and employees be and they hereby are restrained from taking any further steps to collect, except in bankruptcy, the judgment obtained in an action in the Municipal Court of the City of New York, Borough of Queens, Sixth District, wherein Henry Albert was plaintiff and the bankrupt was the defendant, and it is further

"Ordered that the stay continue until the expiration of one year from the date of the adjudication herein, or in the event that an application for discharge is made within that time, then until the said application is determined. This stay does not apply to any motion to punish the bankrupt for contempt of a State Court."

On April 18, 1938, an order was made by one of the Judges of this Court, containing the following language:

"Ordered that Henry Albert, his attorney, agents, servants and employees be and they hereby are restrained from taking any further steps to collect, except in bankruptcy, the judgment obtained in an action in the Municipal Court of the City of New York, Borough of Queens, Sixth District, wherein Henry Albert was plaintiff and the bankrupt was the defendant, and it is further

"Ordered that the stay continue until the expiration of one year from the date of the adjudication herein, or in the event that an application for discharge is made within that time, then until the said application is determined, and it is further

"Ordered that the bankrupt herein deduct from his salary the amount ordered deducted by the order of the City Court of the City of New York, County of Queens, and deposit the said amount in the Brooklyn Savings Bank to be held until the further order of this Court, and to be withdrawn only on counter-signature of the Clerk of this Court. This stay does not apply to any motion to punish the bankrupt for contempt of a State Court."

The latter order was based upon a petition of the bankrupt which stated:

"5. That on April 15th, 1938, an order was issued out of this Court staying the proceedings on the part of Henry Albert from taking further steps, except in bankruptcy, to collect the judgment hereinbefore referred to.

"6. That through inadvertence when the application for the above order was made, which order was dated April 15th, 1938, no reference was made to the fact that the said Henry Albert secured an order on April 11th, 1938 in the City Court of the City of New York, County of Queens,

pursuant to Section 793 of the Civil Practice Act, to pay the aforesaid judgment in installments of Five ($5.00) Dollars per week, the first installment of which becomes due this 18th day of April, 1938.

"7. Petitioner therefore asks that the order of April 15th, 1938 be modified or superseded to the extent that all proceedings on the part of Henry Albert to collect the judgment obtained in the Municipal Court of the City of New York, Borough of Queens, Sixth District, and the order obtained in the City Court of the City of New York, County of Queens, pursuant to Section 793 of the Civil Practice Act, be stayed and restrained until the expiration of one year from the date of the adjudication herein; or in the event that an application for a discharge is made within that time, then until the said application is determined; and that in the interim, your petitioner be permitted to deposit the sum of Five ($5.00) Dollars per week in the bank designated by this Court."

On July 11, 1938, the bankrupt applied for a discharge. Henry Albert filed specifications of objections to said petition. These were referred to the Referee in bankruptcy in charge of the case. On February 28, 1939, the Referee recommended the discharge of the bankrupt. On April 24, 1939, this Court referred the matter back to the Referee for further hearing. On September 18, 1939, the Referee again recommended the bankrupt's discharge. This Court refused to confirm the Referee's report and made an order on November 25, 1939 denying the bankrupt's discharge. An appeal was taken from said order to the United States Circuit Court of Appeals resulting in an affirmance of the order of the District Court. 2 Cir., 113 F.2d 764.

A motion was made by the creditor which resulted in an order by one of the Judges of this Court on August 23, 1940, directing that the Brooklyn Savings Bank turn over to Henry Albert, the creditor, the sum of $394.54, with accumulated interest thereon, which sum had been deposited by the bankrupt. That order provided:

"Ordered, Adjudged and Decreed that the Brooklyn Savings Bank pay over to the said Henry Albert or to his attorney, Milton R. Goldman, Esq., the sum of $394.54, with accumulated interest thereon, if any, now on deposit with the said bank pursuant to the aforesaid order of the Court dated April 18th, 1938, which sum when so paid shall apply against the judgment heretofore obtained and entered by the said objecting creditor against the above-named bankrupt, and it is further

"Ordered, Adjudged and Decreed that the stays contained in previous orders of this Court dated April 15th and 18th, 1938, be and they hereby are vacated."

On motion made by the bankrupt the Court reopened the proceedings on the question of the bankrupt's discharge and referred the matter back to the Referee. The Referee took testimony and on June 30, 1941 recommended that the application for discharge be granted. A motion was subsequently made to confirm the report and grant the bankrupt's discharge. Upon the adjourned date of the motion September 5, 1941, the motion was granted, there being no opposition an order was entered on September 15, 1941, granting the bankrupt's discharge.

The order of April 18, 1938, above quoted directing the bankrupt deduct from his salary the amount ordered deducted by the City Court of the City of New York was in the form in general use in this Court. The City Court of the City of New York prior to the filing of the petition in bankruptcy had made an order on April 11, 1938 pursuant to Section 793 of the Civil Practice Act of the State of New York that the bankrupt pay the judgment obtained by Henry Albert in installments of $5 per week, beginning the 18th day of April, 1938.

The money that was deducted from the bankrupt's salary was the result of the order of the City Court of Queens County, dated April 11, 1938. The order of this Court made on April 18, 1938, directed that the deductions from the salary be made pursuant to such order of the City Court of the City of New York. This Court had no power to order such deposits to be made. In re Teperman, 123 F.2d 732, 733, decided by the Circuit Court of Appeals for the Second Circuit, December 1, 1941. In that case the Court confirmed an order of the Referee in bankruptcy which denied Teperman's discharge for willful refusal to obey an order of the Court. A judgment had been obtained in the Municipal Court of the City of New York in favor of the objecting creditor against the bankrupt in the sum of $184.50 prior to the bankruptcy and pursuant to Section 793 of the New York Civil Practice Act an order was

made by the State Court directing that the judgment be paid in weekly installments of $2. Afterwards the bankrupt filed a petition in bankruptcy on which he was adjudicated. The District Court thereafter made an order staying further proceedings by the creditor and directed Teperman to deposit in a savings bank subject to the Court's order the weekly installments of $2. The bankrupt failed to make these deposits and for his failure to obey that order an order was made denying the bankrupt's discharge. Judge Frank, writing for the Circuit Court of Appeals, Second Circuit, decided:

"The denial of the discharge was not authorized by § 14, sub. c (1), of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. c (1), as the referee and court seem to suggest, since the disobedience of the order was not an offense punishable by imprisonment under § 29, sub. a or sub. b of the Act, 11 U.S.C.A. § 52, sub. a or sub. b. The appellee, therefore, must rely upon § 14, sub. c (6), 11 U.S.C.A. § 32, sub. c (6), which permits the denial of a discharge if the bankrupt has refused to obey 'any lawful order' of the court. We need not decide whether or not the unusual use of the word 'lawful' invites a scrutiny, even at this stage of a bankruptcy proceeding, of the propriety of the order which was not obeyed, for it is clear that the court lacked 'jurisdiction' to enter this order. After an adjudication, a bankruptcy court may stay proceedings based on a dischargeable claim § 11, sub. a, 11 U.S.C.A. § 29, sub. a, and supplementary proceedings are, of course, included. In re Lesser, 2 Cir., 99 F. 913. Since such a stay, unlike one entered before adjudication, is discretionary, we do not question the court's power to require as a condition of the stay such security as the deposits here involved. But to order such deposits to be made, rather than to make the stay conditional upon them, is a wholly different matter; such an order has no sanction either in the Bankruptcy Act or in the court's general equity power. The court's duty is to administer the bankrupt's estate, not to compel him, out of his own funds, to pay his debts. If the District Court's order was so intended, it was not a 'lawful order,' and on that ground we would decide for appellant.

"But it is difficult for us to believe that the court below intended thus to enter an improper order. The circumstances under which the so-called order to pay the money was entered were such that we assume that the court intended merely that the payment of the money should be a condition of the grant of the stay and not a requirement that the money should be paid. Thus construing the order, the nonpayment of the money by the bankrupt was not a refusal to obey a 'lawful order' of the court."

In view of this decision In re Teperman, supra, the conclusion is inescapable that the amounts deducted weekly from the bankrupt's salary were made pursuant to the order of the City Court of the City of New York and not as a result of the order of this Court as the order of this Court directing deposits by the bankrupt was without jurisdiction and was not a "lawful order". In re Teperman, supra.

■ The creditor claims that the Referee was prejudiced and that therefore he is entitled to a hearing before some other Referee on the question of his discharge. The record submitted does not indicate any prejudice. If the creditor thought there was evidence of prejudice it should have been submitted to the Court prior to the hearing before the Referee.

The motion to confirm the report of the Referee and for the discharge of the bankrupt, which was upon notice to the attorney for the creditor, was returnable on July 11, 1941. At that time the Judge in the motion part referred the motion. On July 14, 1941, this Court placed a memorandum on the motion papers to the effect that the motion would be heard on September 15, 1941, at 10:30 A. M. The motion appeared in the Law Journal and was called on September 15, 1941, there being no opposition the Court granted the motion directing the discharge of the bankrupt and an order was entered on September 15, 1941, to that effect. The creditor was served with the motion papers returnable November 21, 1941, for the restitution of the sum of $394.54 and the creditor made no motion to vacate the discharge. Upon the argument of the motion for restitution, after hearing the facts, the Court adjourned that motion until November 28, 1941, so as to permit a motion to be made to vacate the order granting the bankrupt's discharge.

■ There have been complete and full hearings before the Referee; his determination should not be lightly disturbed. The motion to vacate the order granting the discharge will be denied.

The order of August 23, 1940, was properly made as at that time the discharge of the bankrupt had been refused. It is fair to say that the order of August 23, 1940, would not have been made if at that time an order was in existence discharging the bankrupt. In the event of the discharge the money would not have been paid by the Brooklyn Savings Bank, the depository, to Henry Albert, the creditor, but to the bankrupt. In light of the fact that the bankrupt has been discharged from his obligations, he should be placed in the position that he was in prior to the entry of the order of August 23, 1940. Restitution should be made. See Restatement of the Law (Restitution) Section 74, which reads as follows: "A person who has conferred a benefit upon another in compliance with a judgment, or whose property has been taken thereunder, is entitled to restitution if the judgment is reversed or set aside, unless restitution would be inequitable or the parties contract that payment is to be final; if the judgment is modified, there is a right to restitution of the excess."

In deference to the City Court of the City of New York which made the order of April 11, 1938 directing the bankrupt to pay the judgment obtained by Henry Albert in installments of $5.00 per week, it may be necessary that the creditor apply to that Court for restitution. So far as this Court is concerned, restitution should be made.

That portion of the motion dealing with vacating the bill of costs in favor of Henry Albert against Anthony Lozito in the sum of $144.75 does not seem to be opposed and will be granted.

Settle orders on notice.