## In re VOLLWEILER.

### No. 44883.

District Court, E. D. New York.

Sept. 20, 1943.

Philip V. Manning, of Brooklyn, N. Y., for bankrupt.

Goodman & Blumberg, of Amityville, N. Y., for judgment creditor.

MOSCOWITZ, District Judge.

This is a motion for the following relief: "for an order (1) dissolving and discharging as null and void the lien of garnishment filed by Antonio Abbate, a judgment creditor, against the salary of petitioner as of August 18, 1943, the date of petitioner's adjudication in bankruptcy, and directing that all sums deducted from petitioner's said salary after said date of adjudication be turned over to the petitioner with the proviso, however, that in the event petitioner fails to obtain his final adjudication and discharge as a bankrupt, such lien shall be reinstated; or (2) in the alternative, restraining the Sheriff of the City of New York in New York County of taking any further action in reference to said garnishee order, and from paying over any of said moneys collected under said garnishee order since the said date of adjudication to said creditor, or to any other person, until the further order of this court; and (3) for such other and further relief", etc.

Abbate obtained a judgment against Fred Vollweiler, the bankrupt, on June 9, 1943. On or about August 11, 1943, a garnishment lien under Section 684 of the New York Civil Practice Act was filed with the debtor's (bankrupt's) employer, Otis Elevator Company. On August 18, 1943, the debtor filed his voluntary petition in bankruptcy and was adjudicated a bankrupt on that day. The bankrupt's motion is to discharge and declare as null and void the lien of garnishment.

The applicable sections of the Bankruptcy Act are 67, sub a (1, 3 and 4), 11 U. S.C.A. § 107, sub. a(1, 3, 4). A lien of garnishment is included under these sections. The Bankrupcty Act annulled any lien acquired by garnishment within four months of adjudication; judgment within four months period is nullified. The Bankruptcy Act nullifies lien of garnishment process issued by a State Court within four months before bankruptcy against bankrupt's wages. Any moneys deducted after the date of adjudication belong to the bankrupt provided he be discharged in bankruptcy. A garnishment lien is deemed null and void under the Bankruptcy Act and any property affected is discharged from the lien and transferred to the trustee or debtor as the case may be. The Court has summary jurisdiction of any proceeding by the trustee or debtor, as the case may be, to hear and determine the rights of

any of the parties. If the bankrupt is discharged the garnishment lien issued by the State Court is null and void and this Court is empowered to make an order so declaring.

The bankrupt, however, is not entitled at this stage of the proceeding to have the lien discharged and any monies deducted from his salary turned over to him; he is only entitled to that relief in the event that he be discharged in bankruptcy. The relief to which he is entitled is that the Court will issue an order restraining the bankrupt's employer from paying over any sums deducted from his salary pursuant to the garnishee until the question of the bankrupt's discharge from bankruptcy is adjudicated.

Motion disposed of as indicated.

Settle order on notice.