### In re LENOBLE.

District Court, S. D. New York.

May 12, 1948.

David Krause, of New York City, for Bankrupt.

Samuel Komoroff, of New York City, for Judgment Creditor.

GODDARD, District Judge.

This is a motion by a judgment-creditor to modify an ex parte restraining order made by this court on April 17, 1948. The judgment creditor obtained a judgment against Lenoble in the state court in 1933.

On April 16, 1948 the judgment creditor obtained a state court order to show cause, returnable on April 19th of this year, why an order should not be made pursuant to Sections 792, 793 and 794 of the New York Civil Practice Act, determining how much, if any, of Lenoble's salary could be set aside and used to pay, in installments, the judgment. After the service of the show cause order but before it was reached for hearing, Lenoble on April 17th filed a voluntary petition in bankruptcy and on April 19th the judgment creditor's attorney was served with the restraining order restraining the judgment creditor and her attorney in supplementary proceedings from "taking any further steps to collect except in bankruptcy, the indebtedness represented by her judgment until the question of his [the bankrupt's] discharge is determined or until further order of this court".

The judgment creditor now seeks to modify the restraining order so as to per-

mit her, if it is deemed advisable, to bring contempt proceedings against the bankrupt in the state court, and also to permit her to obtain a determination of her application under Sections 792, 793 and 794 of the New York Civil Practice Act.

 The restraining order does not appear to prevent the judgment creditor or her attorney from bringing contempt proceedings in the state court; it merely restrains the taking of further steps to collect the judgment. If the contempt proceeding is a step to collect the judgment, then it is properly restrained. If the contempt proceeding is not such a step, there is no need for modification. The restraining order staying the taking of further steps to collect the judgment is proper. In re Brecher, D. C., 19 F.Supp. 283; Matter of Morris Plan Company v. Shear, 164 Misc. 712, 299 N.Y.S. 475.

However, the restraining order may be modified to the extent that the proceeding in the state court may go forward to the point of ascertaining what portion of the bankrupt's income, if any, may be set aside for the satisfaction of the judgment creditor's claim, and that such amounts shall be withheld by the bankrupt's employer and deposited in the Registry of this court, the funds so accumulated eventually to be paid over to the bankrupt if he obtains a discharge; otherwise to be paid to the judgment creditor. See In re Kunsman, D.C., 24 F.Supp. 583, 584.

Settle order on notice.