**Matter of Jerry PALTER, Bankrupt.**
**No. 53702.**

United States District Court
E. D. New York.
May 17, 1957.

Levin & Weintraub, New York City, by Benjamin Weintraub, New York City, and Ronald Levy, New York City, of counsel, for bankrupt.

Simpson Thacher & Bartlett, New York City, by Henry Landau, New York City, of counsel, for Manufacturers Trust Co.

BYERS, District Judge.

This is a petition for review of a decision of the Referee embodied in his order of April 1, 1957, which denied a motion made by the bankrupt to vacate, etc., a garnishee execution bearing date March 5, 1957, having to do with a judgment recovered against the bankrupt by Manufacturers Trust Company on January 21, 1957.

The bankrupt filed his voluntary petition in bankruptcy on January 10, 1957 and his schedules contain the name of the Manufacturers Trust Company as a creditor, and adjudication occurred on the same day; it will be understood that the action, which resulted in the judgment, was pending at the time of the filing of the petition and schedules.

The first meeting of creditors was called by the Referee for January 23, 1957 and the then judgment creditor participated in the election of a trustee and filed its proof of claim for the amount of the judgment, namely $56,985.04.

█ It would have been appropriate for the bankrupt's attorney to have procured a stay as is contemplated by Section 11 of the Bankruptcy Act, 11 U.S.C.A. § 29, as against the judgment creditor, but no such application was made.

The motion made before the Referee as stated sought to accomplish the same purpose as would have been served by a stay under Section 11, and the order of the Referee, after hearing, granted the motion only to the extent that the judgment creditor and the Sheriff of the City of New York were enjoined and restrained "from demanding, receiving or collecting any deductions heretofore or hereafter made by" the bankrupt's employer under the said garnishee,

"until the question of the bankrupt's discharge is adjudicated, and that the said employer continue to deduct and retain ten (10%) per cent of the bankrupt's salary and earnings pending the determination of the bankrupt's discharge in bankruptcy and that in the event the bankrupt obtains his discharge, then and in that event all of the accumulated deductions shall be turned over by said employer to the bankrupt herein, or in the event the bankrupt does not obtain his discharge in bankruptcy, then and in that event such accumulated deductions shall be turned over by the employer to

the Sheriff of the City of New York to be applied on account and in reduction of the judgment obtained by said Manufacturers Trust Company against the bankrupt herein."

Seemingly the only cases involving such an application have to do with garnishment of a bankrupt's salary pursuant to process issued prior to adjudication. Thus the distinguishing feature presented by this case is that the garnishee order was obtained subsequent to the filing of the petition and adjudication.

■ Since the issuance of a stay by the Bankruptcy Court is essentially a matter lying within the legal discretion of the court, the reasoning of the Referee as stated by him in the record should be understood, and the following quotation is deemed appropriate. After pointing out that if a Section 11 stay had been applied for by the bankrupt promptly upon the filing of the petition, that there would have been no judgment recovered and no garnishee execution issued thereon, the Referee says:

"However, the fact is that we have a judgment which is neither invalid nor void, and if the bankrupt's discharge should be denied it could affect only property of the bankrupt which is no part of his present estate. The respondent-judgment creditor takes the position then that this Court could not disturb the valid lien of the garnishee execution. I believe that the respondent's contention is correct. Presumably, the bankrupt could have prevented the judgment creditor from obtaining this judgment, but although it (sic) did not, the execution under the judgment does not resolve either in a preference to this creditor or in any other prohibited advantage.

\* \* \* \* \* \*

"I, therefore, must deny the bankrupt's motion to set aside and declare null and void the garnishee execution issued by the respondent, pursuant to Section 684 of the New York Civil Practice Act."

After stating the bankrupt's objection to the harassment of the garnishee process and pointing out that Section 11 of the Act was designed to prevent that result and that the bankrupt did not avail himself thereof, the Referee continues:

"No case has been cited on this argument which is squarely in point. I can see no defense in the effect of those cases which permit the employer to deduct and withhold under a garnishee execution which is based upon a judgment obtained prior to the petition in bankruptcy, and in this case allowing the employer to continue to deduct and withhold under the garnishee issued on the respondent's judgment. The effect is the same whether the judgment was obtained before or subsequent to adjudication.

"The bankrupt will not have the benefit of the money unless his discharge is granted, and the creditor will not have the benefit of it unless the bankrupt's discharge is denied.

\* \* \* \* \* \*

"I will, however, grant the bankrupt's motion to the extent of staying pursuant to Section 11 of the Bankruptcy Act the Manufacturers Trust Company and the sheriff of the City of New York from demanding or collecting any deductions made pursuant to the garnishee execution, but such garnishee execution shall continue in force and effect until the question of the bankrupt's discharge has been determined."

The following cases cited by the respective counsel have been examined: In re Smith, D.C., 8 F.Supp. 49; Matter of Kunsman, D.C., 24 F.Supp. 583; In re Vollweiler, D.C., 52 F.Supp. 347; In re Lenoble, D.C., 79 F.Supp. 457; In re Teperman, 2 Cir., 123 F.2d 732.

■ No sufficient reason is deemed to be present to interfere with the exercise of the discretionary power of the Bankruptcy Court which is involved in this proceeding, and accordingly the petition to review is denied.